Carter Alan NESS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–03–01180–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 2, 2004.

his motion to suppress. Pursuant to appellant's negotiated plea, the trial court assessed punishment at 180 days in jail, suspended for one year of community supervision, and a $100 fine. In his sole point of error, appellant contends that the trial court abused its discretion by overruling his motion to suppress, which alleged that his breath-test results should be suppressed because he was illegally coerced by a peace officer to submit to the breath test. We affirm the trial court's ruling.

Bob Wicoff, Houston, TX, for Appellant.

William J. Delmore, III, Chief Prosecutor, Appellate Division, Charles A. Rosenthal, Jr., District Attorney—Harris County, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices KEYES and ALCALA.

## OPINION

ELSA ALCALA, Justice.

Appellant, Carter Alan Ness, pleaded nolo contendere to the misdemeanor offense of driving while intoxicated,[1] but reserved his right to appeal the denial of

## Background

Houston Police Department Officer William Lindsey administered a field-sobriety test to appellant, whom the officer had pulled over for speeding. After administering the test, Officer Lindsey told appellant that he was being arrested and detained for driving while intoxicated (DWI). When appellant questioned the arrest and said that he "misunderstood 'detained' versus 'arrested[,]'" Officer Lindsey told appellant that he was being arrested and informed appellant that he would have an opportunity to give a breath sample. Officer Lindsey then told appellant that he was being detained, depending on the outcome of the test. Another police officer, Officer Pierce, took appellant to the police station, where he gave appellant the required, statutory warning[2] before adminis-

---

1. See TEX. PEN.CODE ANN. § 49.01 (Vernon 2003).

2. The statutory warning notifies the adult DWI suspect that he is under arrest and will be asked for a specimen of either breath or blood. The warning explains that the specimen will be analyzed to determine its alcohol concentration or the presence of a controlled substance. The warning also gives notice to the adult suspect of the consequences of submitting or refusing to submit a specimen under section 724.015 of the Transportation Code. TEX. TRANSP. CODE

ANN. § 724.015 (Vernon Supp.2004–2005). Section 724.015 reads as follows:

§ 724.015. Information Provided by Officer Before Requesting Specimen Before requesting a person to submit to the taking of a specimen, the officer shall inform the person orally and in writing that:

(1) if the person refuses to submit to the taking of the specimen, that refusal may be admissible in a subsequent prosecution;

(2) if the person refuses to submit to the taking of the specimen, the person's license to operate a motor vehicle will be automatically suspended, whether or not the person

tering the intoxilyzer test. Appellant then provided a breath sample for analysis of its blood alcohol concentration.

At the hearing on the motion to suppress, the trial court viewed a videotape of appellant's arrest that Officer Lindsey had recorded, using the video camera in his police car. After observing the videotape, the trial court noted on the record that she heard Officer Lindsey tell appellant that he was under arrest and then say, "pending the outcome, you're being detained."

Appellant and Officer Lindsey were the only witnesses who testified at the hearing on the motion to suppress. Officer Lindsey confirmed that he had told appellant, "right now, all you are is being detained, depending on the outcome of the test." Appellant testified as follows at the hearing on his motion to suppress:

Q: Officer Lindsey then told you as you were walking away, after he said you were under arrest, Well, no—you're being detained, and pending the outcome of that—of the results of the test, you're only being detained. That's not quoting what he said, but that's basically what he said; is that correct?

A: Yes.

Q: How did you interpret that? What did you interpret that to mean?

A: I heard him say that and say, "depending the outcome of the test."

Q: So, how did you interpret that to mean? In your mind, what did that mean to you?

A: It meant that I would be released if I passed the test, pending the outcome of the test.

Appellant claimed that he would not have agreed to take the breath test without Officer Lindsey's statement.

The trial court ruled that appellant had not been coerced to take the breath test and denied appellant's motion to suppress the results of the breath test.

is subsequently prosecuted as a result of the arrest, for not less than 180 days;

(3) if the person is 21 years of age or older and submits to the taking of a specimen designated by the officer and an analysis of the specimen shows the person had an alcohol concentration of a level specified by Chapter 49, Penal Code, the person's license to operate a motor vehicle will be automatically suspended for not less than 90 days, whether or not the person is subsequently prosecuted as a result of the arrest;

(4) if the person is younger than 21 years of age and has any detectable amount of alcohol in the person's system, the person's license to operate a motor vehicle will be automatically suspended for not less than 60 days even if the person submits to the taking of the specimen, but that if the person submits to the taking of the specimen and an analysis of the specimen shows that the person had an alcohol concentration less than the level specified by Chapter 49, Penal Code, the person may be subject to criminal penalties less severe than those provided under that chapter;

(5) if the officer determines that the person is a resident without a license to operate a motor vehicle in this state, the department will deny to the person the issuance of a license, whether or not the person is subsequently prosecuted as a result of the arrest, under the same conditions and for the same periods that would have applied to a revocation of the person's driver's license if the person had held a driver's license issued by this state; and

(6) the person has a right to a hearing on the suspension or denial if, not later than the 15th day after the date on which the person receives the notice of suspension or denial or on which the person is considered to have received the notice by mail as provided by law, the department receives, at its headquarters in Austin, a written demand, including a facsimile transmission, or a request in another form prescribed by the department for the hearing.

Tex. Transp. Code Ann. § 724.015 (Vernon Supp.2004–2005).

**Motion To Suppress**

In his sole point of error, appellant contends that the trial court erred by overruling his motion to suppress. Appellant contends that (1) he was coerced to take the breath test by Officer Lindsey's statement and (2) he therefore took the test involuntarily.

We review a trial court's ruling on a motion to suppress for abuse of discretion, and we review the record of the hearing on the motion in the light most favorable to the trial court's ruling. *Balentine v. State*, 71 S.W.3d 763, 768 (Tex. Crim.App.2002); *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App.1996); *Rivera v. State*, 808 S.W.2d 80, 96 (Tex. Crim.App.1991). Ruling on a motion to suppress lies within the sound discretion of the trial court. *Villarreal*, 935 S.W.2d at 138. At the hearing on the motion, the trial court is the sole judge of the credibility of the witnesses and decides the weight to give their testimony. *Id.; Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990). Accordingly, we "must view the record evidence and all reasonable inferences therefrom in the light most favorable to the trial court's ruling, and must sustain the trial court's ruling if it is reasonably supported by the record and is correct on any theory of law applicable to the case." *Villarreal*, 935 S.W.2d at 138; *see Romero*, 800 S.W.2d at 543. In reviewing the trial court's exercise of its discretion, we apply a bifurcated standard of review that requires us to defer almost totally to the trial court's determination of facts that depend on credibility assessments. *State v. Ross*, 32 S.W.3d 853, 856 (Tex.Crim.App.2000); *Dickey v. State*, 96 S.W.3d 610, 612 (Tex.App.-Houston [1st Dist.] 2002, no pet.). We review the trial court's application of the law de novo. *See Ross*, 32 S.W.3d at 856; *Dickey*, 96 S.W.3d at 612.

Section 724.011 of the Transportation Code, the "implied consent" statute, provides that a person arrested for suspected driving while intoxicated is deemed to have consented to the taking of samples for a breath or blood test. TEX. TRANSP. CODE ANN. § 724.011(a) (Vernon 1999). An adult person arrested for DWI must be warned that refusal to submit to a breath test will result in the following consequences: (1) evidence of the refusal will be admissible against the person in court, and (2) the person's driver's license will be suspended for 180 days. TEX. TRANSP. CODE ANN. § 724.015(1)-(2) (Vernon Supp. 2004–2005); *Erdman v. State*, 861 S.W.2d 890, 893 (Tex.Crim.App.1993) (decided under former version of section 724.015, which provided for 90–day loss-of-license penalty). The suspect must likewise be informed of possible consequences if he submits to the test and the results of the test show a prohibited blood-alcohol level. *See* TEX. TRANSP. CODE ANN. § 712.015(3), (4) (Vernon Supp.2004–2005).

A suspect's consent to a breath test must be voluntary. *Turpin v. State*, 606 S.W.2d 907, 914 (Tex.Crim.App.1980) (construing former version of section 724.015 of Transportation Code). For consent to a breath test to be deemed "voluntary," a suspect's decision must not be the result of physical pressure or psychological pressure brought to bear by law enforcement officials. *See Thomas v. State*, 723 S.W.2d 696, 704–05 (Tex.Crim.App.1986) (noting that consent to breath test involuntary if induced by physical force or mental coercion); *Schafer v. State*, 95 S.W.3d 452, 455 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd) (noting that consent to breath test involuntary if induced by misstatement of direct statutory consequences arising from refusal). A suspect's decision to submit to a breath test must be his own, made freely, and with a correct under-

standing of the statutory consequences of refusal. *Erdman,* 861 S.W.2d at 893.

In *Erdman,* the arresting officer gave the suspect the warnings concerning the consequences of refusing to submit to a breath test, as required by section 724.015, but added additional, extra-statutory warnings. *Erdman,* 861 S.W.2d at 893–94. The extra-statutory warnings included the following: (1) that DWI charges would be filed against the suspect and (2) that he would be put in jail that night. *Id.* at 891, 894. The Court of Criminal Appeals held that the extra-statutory warnings conveyed to the suspect were of the type that would result in "considerable psychological pressure." *Id.* at 894. *Erdman* thus stands for the proposition that law enforcement officials "must take care to warn D.W.I. suspects correctly about the actual, direct, *statutory* consequences of refusal." *Id.* (emphasis in original); *see also State v. Serrano,* 894 S.W.2d 74, 75–76 (Tex.App.-Houston [14th Dist.] 1995, no pet.) (affirming grant of new trial premised on warnings provided by arresting officer that exceed warnings listed in statute).

Officer Lindsey's statement here falls far short of the officer's coercive statements in *Erdman.* Officer Lindsey did not make any statements about the consequences of refusal to take a breath test beyond those listed in section 724.015. In stating simply, "pending the outcome, you're being detained[,]" Officer Lindsey did not warn appellant that dire consequences would follow if he refused to take the breath test. Likewise, Officer Lindsey did not make any extra-statutory assertions about the possible consequences of refusing to submit to the test. Accordingly, Officer Lindsey did not coerce appellant to consent.

In *Sandoval v. State,* a DWI suspect asked the arresting officer what consequences would follow if he passed the breath test. *Sandoval v. State,* 17 S.W.3d 792, 794 (Tex.App.-Austin 2000, pet. ref'd). The officer told the suspect that a family member could come to pick him up if he passed, but that he would be charged with DWI if he did not pass, whereupon the suspect agreed to take test, which proved positive for alcohol. *Id.* Sandoval filed a pretrial motion to suppress the test results on the grounds that he had been coerced, and that his consent was therefore involuntary. *Id.* In affirming the trial court's refusal to grant the motion to suppress, the Austin Court of Appeals concluded that an officer's statements to Sandoval about the consequences of passing or failing the breath test, were not of the same coercive nature as those in *Erdman,* which were premised solely on the consequences of refusing to submit to the test. *See Sandoval,* 17 S.W.3d at 797. Moreover, Sandoval did not present additional evidence to show a causal link between his consent to the breath test and the officer's statements. *Id.*

Much like the officer's statements in *Sandoval,* and unlike the statements in *Erdman,* Officer Lindsey's statement to appellant was not coercive because it did not encompass the adverse circumstances that would occur if appellant refused to submit to the test. Although appellant testified that he understood Officer Lindsey's statement to mean that he would be released if he passed the breath test and claimed that he consented to the test based on that understanding, the trial court acted within its discretion by rejecting appellant's professed understanding of Officer Lindsey's statement, given the officer's testimony, the videotaped evidence, and circumstances showing that Officer Pierce gave appellant the correct statutory warnings before obtaining appellant's breath test.

Based on the record of the hearing on appellant's motion to suppress, we conclude that the trial court did not abuse its discretion by finding that appellant was not induced or coerced to submit a breath sample for testing. We conclude that the trial court, having properly reached the factual determination that appellant voluntarily submitted to the breath test, did not abuse its discretion by reaching the legal conclusion that appellant's motion to suppress should be denied.

## Conclusion

We affirm the trial court's ruling and the judgment of the trial court.