Opinion issued August 10, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01–05–00930–CR




NICHOLAS PETER GETTE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the County Criminal Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1298406




O P I N I O N

          Nicholas Peter Gette, appellant, was charged by information with driving while
intoxicated. Tex. Pen. Code Ann. § 49.04 (Vernon 2003). Appellant pled not guilty,
and the jury found him guilty. The trial court sentenced him to 180 days in a state
jail, suspended for one year of community supervision.
          In four points of error, appellant challenges the trial court’s denial of two
motions to suppress evidence, arguing (1) the arresting officer lacked the authority
to stop appellant and (2) the arresting officer rendered appellant’s breath test
involuntary by telling appellant that someone had recently exonerated himself by
taking the test.
          We affirm.
Background
           Officer Gregory Beaves works for the Rice University Police Department. On
April 20, 2005, Officer Beaves was patrolling the perimeter of Rice University when
he saw appellant driving east on University Boulevard. Officer Beaves saw appellant
“bumping and crossing the center line” of University Boulevard. Appellant then
turned onto entrance eight on Rice University campus. While turning, appellant
almost hit the curb with his left tires and initially entered the lane for opposing traffic. 
On campus, Officer Beaves observed appellant driving 26 miles per hour when the
posted speed limit was 20 miles per hour.
          After Officer Beaves pulled appellant over, he detected the odor of alcohol in
the car. Appellant admitted he had consumed four drinks earlier. Officer Beaves had
appellant perform some sobriety tests. Based on appellant’s performance in the
sobriety tests, Officer Beaves decided to take appellant into custody. Officer Beaves
told appellant that he was going to take him into custody so that appellant could take
a breath test. During the discussion, Officer Beaves told appellant that he had
administered the breath test to another person recently and that the breath test had
exonerated that person.
Motions to Suppress
          Appellant filed two motions to suppress. The first sought to suppress all
evidence obtained as a result of the stop of appellant, arguing that Officer Beaves
lacked the authority to perform the stop. The second sought to suppress the results
of appellant’s breath test, arguing that appellant was psychologically coerced into
taking the breath test. Appellant appeals the denial of both motions.
A.     Standard of Review
          A trial court’s ruling on a motion to suppress evidence will not be set aside
unless an abuse of discretion is found. Villarreal v. State, 935 S.W.2d 134, 138 (Tex.
Crim. App. 1996); State v. Derrow, 981 S.W.2d 776, 778 (Tex. App.—Houston [1st
Dist.] 1998, pet. ref’d). We must afford almost total deference to the trial court’s
determination of facts supported by the record, especially when the findings are based
on the evaluation of the witnesses’ credibility and demeanor. Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997).
          In reviewing the trial court’s ruling, we apply a bifurcated standard of review. 
Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). We give almost
total deference to the trial court’s determination of the historical facts and conduct a
de novo review of the trial court’s application of the law to those facts. Id. The trial
court is the exclusive finder of fact in a motion to suppress hearing, and it may choose
to believe or disbelieve any or all of any witness’s testimony. State v. Ross, 32
S.W.3d 853, 855 (Tex. Crim. App. 2000).
          When the trial court does not file findings of fact concerning its ruling on a
motion to suppress, we assume that the court made implicit findings that support its
ruling, provided those implied findings are supported by the record. See Maxwell v.
State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). When the trial court does file
findings of fact with its ruling on a motion to suppress, an appellate court does not
engage in its own factual review, but determines only whether the record supports the
trial court’s fact findings. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App.
1990). Unless the trial court abused its discretion by making a finding not supported
by the record, we will defer to the trial court’s fact findings and not disturb the
findings on appeal. Cantu v. State, 817 S.W.2d 74, 77 (Tex. Crim. App. 1991). On
appellate review, we address only the question whether the trial court properly
applied the law to the facts. Romero, 800 S.W.2d at 543.
B.      Authority of Rice University Police
          In three points of error, appellant argues that the trial court erred in denying the
motion to suppress all evidence obtained as a result of the stop because Officer
Beaves lacked the authority to perform the initial stop. Specifically, appellant argues
that (1) Officer Beaves lacked the authority to enforce state laws on a public road; (2)
Officer Beaves lacked the authority to enforce state laws on a private road; and (3)
the reduced speed limits on Rice University campus were unenforceable. Because we
find the third issue determinative for the other two, we address it first.
          1.       Authority of Rice University to Set Traffic Regulations
          In his third point of error, appellant argues that the reduced speed limit on the
campus was unenforceable. For urban streets, a speed limit of 30 miles per hour is
prima facie valid. Tex. Transp. Code Ann. § 545.352(b)(1) (Vernon Supp. 2005). 
Appellant argues that Rice University did not meet the requirements of sections
542.006 through 542.008 to lower the speed limit. Tex. Transp. Code Ann.
§ 542.006–.008 (Vernon Supp. 2005). These statutes are not the applicable law in
this case, however.
          Section 600.003 of the Transportation Code gives private institutions of higher
education the authority to “enforce a traffic law of this state under Chapter 545
restricting or prohibiting the operation of movement of vehicles on a road of the
institution.” Tex. Transp. Code Ann. § 600.003(b) (Vernon 1999). According to
the statute, Rice University was authorized to enforce the speed limit as long as it (1)
made the road open to the public at the time of enforcement; (2) adopted a regulation
to enforce the law; (3) posted a sign designating the speed limit; and (4) obtained
approval from the City of Houston. Id. In order to set a speed limit below 30 miles
per hour, Rice had to receive authorization from the City of Houston after an
engineering and traffic investigation had been performed. Tex. Transp. Code Ann.
§ 545.356 (Vernon Supp. 2005).
          In his brief, appellant argued that the City of Houston never “authorized the
enforcement of a speed limit less than 30 miles per hour on the campus.” On appeal,
the State filed a motion for us to take judicial notice of the City of Houston’s
ordinance that approved the reduction of speed limits on Rice campus. Appellant, in
response, argued that the City of Houston Charter does not provide for judicial notice
of this type of ordinance. We need not determine whether the City of Houston
Charter provides for judicial notice of this ordinance, however. Rule 204 of the
Texas Rules of Evidence provides that upon the motion of a party, we must take
judicial notice of ordinances of a municipality once the party has provided this Court
with sufficient information to enable this Court to comply with the request. Tex. R.
Evid. 204.
          Prior to the enactment of Rule 204 in 1984, both trial and appellate courts
expressed a reluctance to take judicial notice of ordinances from municipalities and
counties within the State of Texas. 1 Goode, Wellborn, & Sharlot, Texas
Practice Series § 204.1 (3d ed. 2002). Rule 204 expressly provides that courts can
take judicial notice of such ordinances. Tex. R. Evid. 204. Although the language
of Rule 204 is seemingly broad enough to permit an appellate court to take judicial
notice of ordinances, it does not contain the language found in both Rules 201(f) and
202 that provides that courts may take judicial notice at any stage of the proceeding. 
Tex. R. Evid. 201(f); 202. However, a number of appellate courts, including our
sister court, the Fourteenth Court of Appeals, have held that an appellate court, as
well as a trial court, may take judicial notice under Rule 204. See Eckman v. Des
Rosiers, 940 S.W.2d 394, 399 (Tex. App.—Austin 1997, no writ) (holding that
appellate court has power to take judicial notice of Texas Register and Administrative
Code); Blackwell v. Harris County, 909 S.W.2d 135, 140 n.2 (Tex. App.—Houston
[14th Dist.] 1995, writ denied) (taking judicial notice of a city ordinance for first time
on appeal); Int’l Ass’n of Firefighters Local 624 v. City of San Antonio, 822 S.W.2d
122, 127 (Tex. App.—San Antonio 1991, writ denied) (taking judicial notice of city
charter for first time on appeal). But see City of Glenn Heights v. Sheffield
Development Co., Inc., 55 S.W.3d 158, 162–63 (Tex. App.—Dallas 2005, no pet.)
(refusing to take judicial notice of municipal ordinance when ordinance had not been
presented to trial court during summary judgment proceeding); Metro Fuels, Inc. v.
City of Austin, 827 S.W.2d 531, 532 (Tex. App.—Austin 1992, no writ) (holding that
parties must both comply with Rule 204 and make ordinance part of trial court record
because municipal ordinances difficult to research and verify).
          Moreover, Rule 202 provides a mechanism for courts to take judicial notice of
ordinances from another state and explicitly provides that judicial notice may be
taken at any stage of the proceeding. Tex. R. Evid. 202. We see no reason to apply
a stricter standard for in-state ordinances than for out-of-state ordinances. Thus, we
hold that an appellate court as well as a trial court may take judicial notice of an
ordinance as long as a party or parties comply with the provisions of Rule 204.
          In order for a court to take judicial notice of an ordinance, it must be
authenticated. Fields v. City of Texas City, 864 S.W.2d 66, 69 (Tex. App.—Houston
[14th Dist.] 1993, writ denied); Hollingsworth v. King, 810 S.W.2d 772, 774 (Tex.
App.—Amarillo 1991), writ denied per curiam, 816 S.W.2d 340 (Tex. 1991). The
State included along with its motion a copy of the City of Houston ordinance certified
by the City Secretary. Accordingly, we take judicial notice that Rice University
received proper authority from the City of Houston to reduce its speed limits on
campus to 20 miles per hour.
          We overrule appellant’s third point of error.
          2.       Authority of Rice University Officers to Enforce State Laws on
Private Roads

          In his second point of error, appellant argues that Officer Beaves lacked the
authority to stop appellant for a traffic violation that occurred on private property. 
Appellant argues that without the consent of an elected governing body, a police
officer for Rice University lacks the authority to stop people for traffic violations on
private property. The State of Texas has given Rice University such authority,
however.
          Section 51.212 of the Texas Education Code authorizes the governing boards
of private institutions of higher education 
to employ and commission campus security personnel for the purpose of
enforcing the law of this state on the campuses of private institutions of higher
education. Any officer commissioned under the provisions of this section is
vested with all the powers, privileges, and immunities of peace officers while
on the property under the control and jurisdiction of the respective private
institution of higher education or otherwise in the performance of his assigned
duties.

Tex. Educ. Code Ann. § 51.212 (Vernon 1996). The campus security personnel are
authorized to enforce the reduced speed limits set by the school. Tex. Transp. Code
Ann. § 600.003(c). We hold that Officer Beaves had the proper authority to stop
appellant for exceeding the speed limit posted on Rice University campus.
          We overrule appellant’s second point of error.
          3.       Authority of Rice University Officers to Enforce State Laws on
Public Roads

          In his first point of error, appellant argues that Officer Beaves lacked the
authority to stop appellant for a traffic violation that occurred outside of the campus. 
We have already determined that Officer Beaves had the authority to stop appellant
for exceeding the speed limit lawfully set by Rice University. Therefore, the stop was
lawful, and the trial court did not abuse its discretion in denying appellant’s motion
to suppress. Accordingly, we need not reach appellant’s first point of error.
          We overrule appellant’s first point of error.
C.      Voluntariness of Breath Test
          In his fourth point of error, appellant argues that the trial court erred in denying
his motion to suppress the breath test because he was psychologically coerced into
taking the breath test. This claim stems from a statement by Officer Beaves that he
had stopped another student recently under similar circumstances and that the student
had exonerated himself by taking the breath test.
          Section 724.011 of the Transportation Code, the “implied consent” statute,
provides that a person arrested for suspected driving while intoxicated is deemed to
have consented to the taking of samples for a breath or blood test. Tex. Transp.
Code Ann. § 724.011(a) (Vernon 1999). An adult person arrested for DWI must be
warned that refusal to submit to a breath test will result in the following
consequences: (1) evidence of the refusal will be admissible against the person in
court, and (2) the person’s driver’s license will be suspended for 180 days. Tex.
Transp. Code Ann. § 724.015(1)–(2) (Vernon Supp. 2005); Erdman v. State, 861
S.W.2d 890, 893 (Tex. Crim. App. 1993) (decided under former version of section
724.015, which provided for 90-day loss-of-license penalty). The suspect must
likewise be informed of possible consequences if he submits to the test and the results
of the test show a prohibited blood-alcohol level. See Tex. Transp. Code Ann.
§ 724.015(3), (4) (Vernon Supp. 2005).
          A suspect’s consent to a breath test must be voluntary. Turpin v. State, 606
S.W.2d 907, 914 (Tex. Crim. App. 1980) (construing former version of section
724.015 of Transportation Code). For consent to a breath test to be deemed
“voluntary,” a suspect’s decision must not be the result of physical pressure or
psychological pressure brought to bear by law enforcement officials. See Thomas v.
State, 723 S.W.2d 696, 704–05 (Tex. Crim. App. 1986) (noting that consent to breath
test involuntary if induced by physical force or mental coercion); Schafer v. State, 95
S.W.3d 452, 455 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d) (noting that
consent to breath test involuntary if induced by misstatement of direct statutory
consequences arising from refusal). A suspect’s decision to submit to a breath test
must be his own, made freely, and with a correct understanding of the statutory
consequences of refusal. Erdman, 861 S.W.2d at 893.
          Erdman and its progeny have focused on whether the alleged extra-statutory
warnings concerned the consequences of refusing to take the breath test. Erdman,
861 S.W.2d at 893–94; Ness v. State, 152 S.W.3d 759, 763 (Tex. App.—Houston [1st
Dist.] 2004, pet. ref’d); Urquhart v. State, 128 S.W.3d 701, 705 (Tex. App.—El Paso
2003, pet. ref’d); Sandoval v. State, 17 S.W.3d 792, 795 (Tex. App.—Austin 2000,
pet. ref’d). The courts of appeals have ruled that statements about the consequences
of passing or failing the breath test “are not of the same coercive nature” as
statements about the consequences of refusing to take a breath test. Ness, 152 S.W.3d
at 763 (citing Sandoval, 17 S.W.3d at 797); see also Urquhart, 128 S.W.3d at 705.
          In Ness, the officer told the defendant that he was being detained pending the
outcome of the breath test. Ness, 152 S.W.3d at 763. In Sandoval, the officer told
the defendant that if he passed the breath test, he would be released to the custody of
his family. Sandoval, 17 S.W.3d at 794. In Urquhart, the only statement preserved
for review was the officer’s statement to the defendant that if he took the test and
passed, he would be released from jail. Urquhart, 128 S.W.3d at 704. In each of
these cases, the courts of appeals held that the trial courts had not abused their
discretion in denying the motions to suppress. Ness, 152 S.W.3d at 764; Sandoval,
17 S.W.3d at 797; Urquhart, 128 S.W.3d at 706.
          In the present case, Officer Beaves told appellant that he had stopped another
student recently under similar circumstances and that the student had exonerated
himself by taking the breath test. Appellant testified during the motion to suppress
that, absent Officer Beaves’s statement, he would not have consented to the breath
test. Officer Beaves testified that he made the statement in the context of explaining
to appellant that he was taking him in to take a breath test and that he would not be
mistreated. The videotape of the field sobriety test showed the statement in question
was made in the context that Officer Beaves described. Later, appellant was taken
to the police station; he was given his statutory warnings; and he consented to take
the breath test.
          Because the trial court’s ruling was based on the evaluation of the witnesses’
credibility and demeanor, we must afford almost total deference to the trial court’s
determination. Guzman, 955 S.W.2d at 89. In this light, we cannot say that the trial
court’s decision to admit the results of the breath test was outside the zone of
reasonable disagreement. Accordingly, we hold that the trial court did not abuse its
discretion in denying appellant’s motion to suppress.
          We overrule appellant’s fourth point of error.
Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Taft, Higley, and Bland.

Publish. See Tex. R. App. P. 47.2(b).