Criminal Case Template



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




JAIME HERNANDEZ,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§



§


§


§


§

No. 08-05-00384-CR


Appeal from the


County Criminal Court No. One


of El Paso County, Texas


(TC# 20040C12207)


O P I N I O N



 This is an appeal from a conviction for the offense driving while intoxicated. Appellant
pleaded guilty and the court assessed punishment at fifteen months community supervision and a fine
of $500. We affirm.

I. SUMMARY OF THE EVIDENCE


 On January 26, 2005, Appellant filed a motion to suppress the evidence. (1) On May 25, 2005,
a hearing was held on the motion to suppress the evidence. Oscar Gomez, a policeman with the El
Paso Police Department, testified that, on June 20, 2004, at about 12:30 a.m., he received a call from
a police sergeant named Yanez, who directed Officer Gomez to respond to a vehicular collision
between a civilian car and a police patrol car. Upon arrival at the scene, Officer Gomez spoke with
Sergeant Yanez, who had arrived in a different vehicle. He then spoke with Officer Ponce, the driver
of the police vehicle that was involved in the accident, as well as Officer Ontiveros, the passenger
in the police vehicle. Officer Ponce stated to Officer Gomez that he had entered the intersection
against the red light after "clearing" the intersection with his vehicle's emergency lights and the
spotlight. The patrol car struck Appellant's car when it entered the intersection. Officer Ponce told
Officer Gomez that, when he had approached Appellant's car, he observed that Appellant had
emitted a strong odor of some alcoholic beverage and that his eyes were bloodshot. Since Appellant
had already been transported from the scene in an ambulance, Officer Gomez went to the hospital
to continue his investigation.

 At the hospital, Officer Gomez located Appellant on a gurney. He smelled of an alcoholic
beverage, and he appeared flushed and lethargic. With regard to Appellant's lethargic appearance,
Officer Gomez stated that Appellant's face seemed to have a flat, emotionless visage. Based upon
the information provided by Officers Ponce and Ontiveros and his own observations of Appellant,
Officer Gomez placed Appellant under arrest prior to the reading of the DIC-24 warning. Officer
Gomez read the statutory DIC-24 warning to Appellant, requesting permission to take a blood
sample. (2) The officer testified that while Appellant first appeared hesitant to give the blood sample,
he eventually gave written consent and provided a blood sample at approximately 1:20 a.m. Officer
Gomez stated that he did not coerce Appellant into giving consent, and he did not advise Appellant
as to what might happen if he did not consent; the officer stated he only read the statutorily required
forms.

 During cross-examination, it was pointed out that Officer Gomez's report did not state
whether Appellant was conscious and was able to understand what the officer was saying to him. 
Officer Gomez responded that, when the DIC-24 warning was read to Appellant, the latter appeared
coherent, and he was able to understand what the officer was saying. Officer Gomez stated that
Appellant was fully awake; he did not appear to be on the verge of falling asleep.

 Officer Gomez testified that he read the DIC-24 form to Appellant several minutes prior to
the drawing of the blood. He agreed with defense counsel that the notation of 1:30 on the DIC-24
form probably reflected the time of the arrest and not the time of occurrence of the accident. 
Notwithstanding the time discrepancy, Officer Gomez reiterated that the warning was read prior to
the drawing of the blood.

II. DISCUSSION


 In Issue Nos. One and Two, Appellant asserts that the court erred in refusing to suppress his
blood test results. Specifically, Appellant maintains that the test results were inadmissible, because
he was not given the statutory warnings required pursuant to Tex. Code Crim. Proc. Ann. art. 15.17
(Vernon Supp. 2006) and art. 38.22 (Vernon 2005) prior to the taking of the blood sample. 
Appellant also contends that he did not voluntarily consent to the blood test, because he was not
given the statutory warnings pursuant to Tex. Transp. Code Ann. § 724.015 (Vernon Supp. 1999). 
In his second issue, Appellant argues that his consent to the blood test was involuntary in that he
lacked the normal use of his mental faculties in order to understand the nature of his consent.

 We review a motion to suppress evidence by both abuse of discretion and de novo standards. 
Guzman v. State, 955 S.W.2d 85, 87-91 (Tex. Crim. App. 1997); Urquhart v. State, 128 S.W.3d 701,
704-05 (Tex. App.--El Paso 2003, pet. ref'd). Purely factual questions, based upon evaluation of
credibility and demeanor of witnesses, require application of the abuse of discretion standard. 
Guzman, 955 S.W.2d at 89. Mixed questions of law and fact, which are not dependent on credibility
or demeanor, are reviewed de novo. Id. We review the evidence in the light most favorable to the
trial court's ruling. State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). In a suppression
hearing, the trial court is the sole finder of fact. Pace v. State, 986 S.W.2d 740, 744 (Tex. App.--El
Paso 1999, pet. ref'd). The trial judge may believe or disbelieve any of the evidence presented. Id. 
The totality of circumstances is considered to determine whether the trial court's findings are
supported by the record. In re D.A.R., 73 S.W.3d 505, 509 (Tex. App.--El Paso 2002) (citing Brewer
v. State, 932 S.W.2d 161, 166 (Tex. App.--El Paso 1996, no pet.)).

 Regarding the contention that article 15.17 was not complied with, we note that Appellant
did not raise this ground in his motion to suppress, and he did not raise it at the suppression hearing. (3) 
Appellant has therefore waived this contention on appeal. See Pando v. State, 133 S.W.3d 830, 834-36 (Tex. App.--El Paso 2004, no pet.).

 Next, Appellant contends that the police failed to comply with Tex. Code Crim. Proc. Ann.
art. 38.22. (4) However, the question of giving a blood or breath test to determine alcohol
concentration does not implicate the privilege against self-incrimination provided under the Fifth
Amendment of the United States Constitution or Article I, Section 10, of the Texas Constitution. 
See Rodriguez v. State, 631 S.W.2d 515, 517 (Tex. Crim. App. 1982). We find no merit in
Appellant's contention.

 Appellant's last contention with regard to Issue No. One is that he did not voluntarily consent
to the blood test, because he was not given the statutory warnings pursuant to Tex. Transp. Code
Ann. § 724.015 (Vernon Supp. 1999). (5) Also, in Issue No. Two, Appellant contends that he did not
have the requisite mental faculties to voluntarily consent to giving the blood specimen. A suspect's
blood test must be voluntary. Ness v. State, 152 S.W.3d 759, 762 (Tex. App.--Houston [1st Dist.]
2004, pet. ref'd). "Voluntariness" implies that the individual's decision to give the specimen cannot
be the result of physical or psychological pressure brought to bear by law enforcement officials. Id.

 In the present case, notwithstanding the apparent confusion concerning the notation on the
DIC-24 form that the arrest occurred at 1:30, Officer Gomez consistently testified that he
administered the warning before any blood was drawn. Furthermore, the officer stated that
Appellant was awake and was able to talk to and listen to the officer. He appeared to be coherent
and seemed able to understand the warning. The trial judge was free to believe all or any part of the
officer's testimony. See Ross, 32 S.W.3d at 855. We therefore find that the court did not abuse its
discretion in overruling Appellant's motion to suppress the evidence. Issue Nos. One and Two are
overruled.


 We affirm the judgment of the trial court.


 KENNETH R. CARR, Justice

March 22, 2007


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)

1. In his motion to suppress the evidence, Appellant alleged that: (1) his detention and subsequent arrest were
illegal and were obtained in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution
and Chapter 14 of the Texas Code of Criminal Procedure; (2) any tangible evidence was seized without warrant, probable
cause, or other lawful authority in violation of the Fourth and Fourteenth Amendments of the United States Constitution,
Article I, Section 9 of the Texas Constitution, and Chapters 14 and 38 of the Code of Criminal Procedure; (3) any
statements made by Appellant were obtained in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments of the
United States Constitution, Article I, Sections 9, 10, and 19 of the Texas Constitution, and Chapter 14 and articles 38.21,
38.22, and 38.23 of the Code of Criminal Procedure.
2. This form advised Appellant, among other things, that if he refused to give permission for the blood test, his
driving privileges would be suspended for not less than 180 days. The form indicated that Appellant was arrested at
1:30 a.m. on June 20, 2004.
3. Generally, Tex. Code Crim. Proc. Ann. art. 15.17 (Vernon Supp. 2006) provides that an individual arrested
must be taken before a magistrate within forty-eight hours to receive the requisite magistrate's warnings.
4. Generally, Tex. Code Crim. Proc. Ann. art. 38.22 (Vernon 2005) provides that no written statement of an
accused may be taken absent the administration of the requisite Miranda warnings.
5. Tex. Transp. Code Ann. § 724.015(1)-(2) (Vernon Supp. 1999) gives the requisite warnings of the
consequences of refusing to give a specimen for testing: (1) the refusal to take the blood or alcohol test may be
admissible in a subsequent prosecution; and (2) the individual's driver's license will be automatically suspended.