Opinion issued January 19, 2012.


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00212-CR

———————————

Daniel Lee Buechmann, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the County Criminal Court at Law No. 3

Harris County, Texas



Trial Court Case No. 1710381

 



 

MEMORANDUM OPINION

Daniel Lee
Buechmann was charged with the offense of driving while intoxicated. After the
trial court denied his motion to suppress his breath test results, Buechmann
pleaded guilty and was sentenced to 180 days’ confinement, probated
for one year, and a $300 fine. In a single issue, Buechmann challenges the
trial court’s ruling on his motion to suppress. We affirm.

Background

          University
of Houston Police Officer J. Ramos stopped Buechmann for running a red light on
the University of Houston campus. Ramos determined that Buechmann presented
indications of intoxication and administered a horizontal gaze nystagmus (HGN) test. Ramos testified that he was trained
in the administration of the HGN test, and he administered the test pursuant to
his training. According to Ramos, Buechmann exhibited signs of intoxication
during the HGN test. Ramos then took Buechmann to the “central intox facility” at the Houston Police Department to have
other sobriety tests administered by a Houston Police Department (HPD) evidence
technician. 

At the HPD facility, Ramos read
Buechmann the statutory warning aloud while Buechmann followed along in a written
copy of the warning. These warnings included information that, if Buechmann
refused to give a specimen for the breath test, (1) his refusal could be
admissible in a subsequent prosecution, (2) his license to operate a motor
vehicle would be suspended for not less than 180 days, and (3) he could be disqualified
for driving a commercial vehicle for a period of not less than one year. Buechmann
asked Ramos to repeat the consequences of refusing to give a specimen. Ramos
responded, “If you refuse to give a specimen or a specimen shows that you have
an alcohol concentration .08 or more you may be disqualified from driving a
commercial motor vehicle for a period of not less than one year.” The HPD evidence
technician then asked Buechman if he drove a
commercial vehicle, to which Buechmann responded that he did not.  

After Buechmann agreed that he
understood the warning, he provided a breath sample that registered a blood
alcohol content of 0.16—twice the
legal limit.

Standard of Review

We review a trial court’s ruling on a motion to suppress
evidence under an abuse of discretion standard. Villarreal
v. State, 935 S.W.2d 134,
138 (Tex. Crim. App. 1996); Gette v. State,
209 S.W.3d 139, 142 (Tex. App.—Houston [1st Dist.] 2006, no pet.). The
trial court is the sole judge of the credibility of the witnesses and the
weight to be given to their testimony. Villarreal,
935 S.W.2d at 138 (citing Romero v. State, 800 S.W.2d 539, 543
(Tex. Crim. App. 1990)). Thus, we view the evidence and all reasonable
inferences therefrom in the light most favorable to the trial court’s ruling and
sustain the ruling if it is reasonably supported by the record and is correct
on any applicable theory of law. Id.(citing Romero, 800 S.W.2d at 543).
But the trial court has no discretion in determining the law, and we review the
trial court’s application of the law to the facts under a de novo standard of
review. Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000); Gette, 209 S.W.3d at 142.

Admissibility of the Breath Test

          Section 724.011 of the Transportation
Code provides that a person arrested for suspected driving while intoxicated is
deemed to have consented to the taking of samples for a breath or blood test
for an analysis. Tex. Transp.
Code Ann. § 724.011(a) (West 2011).
Section 724.015 requires that certain warnings be given to a person arrested
for DWI, including warnings that refusal to give a breath specimen for testing
will result in the following consequences: (1) evidence of the refusal will be
admissible against the person in court, (2) the person’s driver’s license will
be suspended for no less than 180 days, and (3) the officer may apply for a
warrant authorizing the State to take a specimen. Id. § 724.015 (West 2011); see also Erdman v. State, 861 S.W.2d 890, 893 (Tex. Crim. App.
1993) (applying former version of section 724.015). The warnings Ramos read to Buechmann
and provided in writing to Buechmann included not only the consequences for
refusal to submit a specimen set forth in section 724.015, but also the
consequences set forth in 522.103, relating to a person’s qualification to
drive a commercial vehicle. See Tex. Transp. Code Ann. § 724.015 (specifying information that must be
provided to person, orally and in writing, before requesting person to submit
to taking specimen); id. § 522.103 (West 2011) (consequences of
refusing to give specimen on qualification for driving commercial motor
vehicle).

Buechmann does not deny that Ramos
read aloud and provided a copy of the statutory warning to him or challenge the
legal correctness of the warnings given to him. Buechmann’s
complaint is that, when he asked Ramos to “go[] over”
the consequences of refusing the breath test, Ramos repeated a consequence that
did not apply to Buechmann because he did not drive a commercial vehicle. On
this basis, Buechmann contends that his consent to give a breath specimen was
coerced and, thus, involuntary. 

The statute does not require Ramos
to read all of the warnings to Buechmann twice, nor does it require him to
determine which of the warnings are most important to Buechmann. See Tex.
Transp. Code Ann. § 724.015.
Buechmann had a written copy of the warnings, which he was free to re-read. Ramos
did not threaten Buechmann with an extra-statutory consequence of refusing to
give a specimen. Cf. Erdman v. State,
861 S.W.2d 890, 893–94 (Tex. Crim. App. 1993) (holding that breath specimen was
not voluntarily given when trooper warned driver of non-statutory consequence
of refusing to give specimen—that he
would be taken to jail and prosecuted for DWI). Instead, Ramos repeated one of
the statutory consequences potentially applicable to Buechmann without
repeating other statutory consequences that were of greater import to
Buechmann. While Buechmann’s complaint focuses on
Ramos’s failure to repeat certain potential consequences of refusing to take
the test, Buechmann did not refuse to take the test. Even if we assume
Buechmann was unaware of the additional statutory consequences previously read
to him and provided to him in writing, Buechmann provides no causal connection
between not knowing about certain potential consequences of refusing to give a
breath sample and his decision to give a breath sample. While a party might
mistakenly refuse to give a sample because he was not adequately warned of the
consequences of refusal, it is not clear how a party would be induced to give a
sample on that basis.

Additionally, the record does not
support any implication that Buechmann was induced to give a breath test
because he was concerned about losing the right to drive a commercial vehicle.
Immediately after the warning regarding a commercial license was repeated,
Buechmann asserted that he did not drive a commercial vehicle. Thus, the trial
court could have reasonably concluded that Buechmann knew that potential consequence
did not apply to him. See Ness v. State, 152 S.W.3d 759, 763 (Tex. App.—Houston
[1st Dist.] 2004, pet. ref’d) (holding that officer’s statement was not coercive
because it did not encompass adverse circumstance that would result from
defendant’s refusal to submit to test). 

On this record, the trial court
could have reasonably concluded that Buechmann was not coerced into giving a
breath specimen by Ramos’s actions or inactions. See Urquhart
v. State, 128 S.W.3d 701, 705
(Tex. App.—El Paso 2003, pet. ref’d) (stating that, even when extra-statutory
warnings are given, party seeking to suppress must show causal connection
between improper warnings and decision to give breath specimen); Sandoval v. State, 17 S.W.3d 792, 796
(Tex. App.—Austin 2000, pet. ref’d) (same); cf. Erdman, 861 S.W.2d at 894 (observing that threat of
imprisonment and immediate prosecution was of nature “that would normally
result in considerable psychological pressure upon a D.W.I. suspect to consent
to the taking of a breath sample”).

We hold that the trial court did
not abuse its discretion in denying Buechmann’s
motion to suppress.[1] We
therefore overrule Buechmann’s sole issue.

Conclusion

          We affirm
the trial court’s judgment.

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Higley and Brown.

Do
not publish.   Tex. R.
App. P. 47.2(b).











[1]
          Buechmann
argues that we should not consider one of his trial exhibits, Defense Exhibit
1, on appeal. The State has not asked us to consider this exhibit, and neither
party has relied on the exhibit in its briefing. We therefore have not
considered the exhibit in reaching our holding.