The STATE of Texas, Appellant,

v.

Angel Luis SERRANO, Appellee.

No. B14–94–00521–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 9, 1995.

Sidney Levine, Sealy, for appellee.

Daniel W. Leedy, Bellville, for appellant.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

AMIDEI, Justice.

After a jury trial, Angel Luis Serrano, appellee, was convicted of driving while intoxicated, and the trial court sentenced him to ninety (90) days in jail, probated one year, and a $500.00 fine. The trial court granted a motion for new trial based on improper admission of intoxilyzer test results. The State contends in a single point of error the trial court abused its discretion by granting a new trial because, under the totality of the circumstances appellee's consent was voluntary and intervening circumstances attenuated any taint of appellee's consent. We affirm.

The facts are not in dispute. Police officer Tim Young stopped Serrano for erratic driving. Officer Young asked Serrano to perform several field sobriety tests. Serrano was then placed under arrest and asked if he would agree to take an intoxilyzer test. Officer Young then told Serrano, if he passed the test he would be free to go but if he failed the test he be put in jail for D.W.I. Serrano agreed to take the breath test. Officer Young took Serrano to Austin County Jail where the test was located. Since Officer Young was not certified to administer the intoxilyzer test, Trooper Minyard and Trooper Wuthrich took over. Trooper Minyard gave Serrano the statutorily based written and oral warnings required before a breath test may be given. Then, Trooper Wuthrich administered the breath test which indicated Serrano was legally intoxicated. A jury convicted Serrano of driving while intoxicated. The trial court granted Serrano a new trial based on the statements made by Office Young. The State now appeals.

■■ Questions regarding the admission or exclusion of evidence are within the trial court's discretion, *Jackson v. State*, 575 S.W.2d 567, 570 (Tex.Crim.App.1979), and the trial court's ruling is not subject to reversal on appeal unless a clear abuse of discretion is shown. *Werner v. State*, 711 S.W.2d 639, 643 (Tex.Crim.App.1986). The Criminal Court of Appeals has defined "a clear abuse of discretion" as "only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree."[1] *Cantu v. State*, 842 S.W.2d 667, 682 (Tex.Crim.App.1992).

■■ Warning D.W.I. suspects—even factually correctly—of consequences not contemplated in Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5 secs. 2 & 3 (Vernon 1987 & Supplement 1994), could easily coerce suspects into submission to take the intoxilyzer test, and the protection afforded by the statute would be undermined. *Erdman v. State*, 861 S.W.2d 890, 893 (Tex.Crim.App.1993). Appellant argues that under the totality of the

---

1. Both abuse of discretion and clear abuse of discretion are identical standards. They have been defined the same way and are used interchangeably. *Erdman v. State*, 861 S.W.2d 890, 895–96 (Tex.Crim.App.1993) (Baird, J., concurring). *See also Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App.1990) and *Cantu v. State*, 842 S.W.2d 667, 682 (Tex.Crim.App.1992).

circumstances, appellee's consent was voluntary and intervening circumstances attenuated any taint of appellee's consent. The nonstatutory information conveyed to appellant under the circumstances was of the type that would normally result in considerable psychological pressure upon a D.W.I. suspect to consent to the taking of an intoxilyzer test. The passage of two hours between the coercive statement made by the officer at the scene and the administration of the proper statutory warnings by a different officer at the county jail did not remove the taint. The officers at the county jail did not stray from the statutory warnings, however, neither did they negate the prior nonstatutory information. The coercive statement led to appellee's subsequent consent, arrest, and trip to the county jail for the breath test. This initial taint was the inertia which started this chain of events.

The record is absent any evidence showing that the nonstatutory information given to appellee had *no* bearing on his decision to consent. The trial judge's decision was within the zone within which reasonable persons might disagree. We find no abuse of discretion by the trial court in granting a new trial.

We affirm the judgment of the trial court.