Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



ROBERTO MUNOZ,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-05-00187-CR

Appeal from the

County Court at Law No. Four

of El Paso County, Texas

(TC# 20030C09823)




O P I N I O N

           This is an appeal from a conviction for the offense of driving while intoxicated. 
Appellant pleaded nolo contendere and the court assessed punishment at 180 days in the El
Paso County Detention Facility, but the imposition of the sentence was suspended and he was
ordered to complete a term of six months’ community supervision. A $1,000 fine was
assessed of which $500 was probated. We affirm the judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           The evidence adduced at several hearings held on Appellant’s motion to suppress the
evidence revealed that on May 11, 2003, at 2:08 a.m., Officer Noe Juarez, a police officer
with the City of Socorro Police Department, initiated a traffic stop because Appellant had
stopped his vehicle past a designated stop-line at a red light in the City of Socorro which is
located in El Paso County, Texas. There was also a sign at the intersection indicating where
oncoming traffic was to stop. Appellant’s vehicle did not move during this time, and he did
not have his turn signal on.
           Appellant had difficulty in lowering the car window. Officer Juarez detected an odor
of alcohol emitting from the vehicle. Appellant had problems locating his wallet. He gave
the officer a business card and a medical examiner’s card in lieu of his license. The officer
had Appellant step out of the vehicle and the officer administered field-sobriety tests. After
completing the tests, Officer Juarez determined that Appellant was intoxicated and he placed
Appellant in custody. While Appellant was in the patrol car, the officer read and explained
the DIC-24 statutory warnings and the officer requested a breath sample. Officer Juarez
stated that the failure to take a breath test could result in license suspension, and that if a
sample was given, and if Appellant passed, he would be released. The officer testified that
it was his intent to arrest Appellant whether or not he passed the test. The officer testified
that Appellant voluntarily consented to take a breath sample. The test results revealed test
levels of 0.120 and 0.121 from the intoxilyzer 5000 machine.
           Appellant testified that there was no line indicating where he was supposed to stop
at the red light; although he did state that there was a sign indicating where to stop. 
Appellant testified that he stopped at the red light appropriately and he then proceeded into
the intersection to make a right turn. He did not make the right turn and he proceeded
straight.
           There was also testimony from Irma Saucedo Sanchez, the Mayor of Socorro, Texas. 
She testified that the City of Socorro adopted a charter in November 2001 which
characterized the city as a home-rule city. At the time of the hearing, the city had not passed
an ordinance creating a police department. Mayor Sanchez testified that the existing Socorro
Police Department is not lawfully constituted due to a lack of an ordinance creating the
department. She testified that in 1992, the city counsel had passed a resolution establishing
the Socorro Police Department. She was uncertain if the resolution was sufficient to
establish the police department.
           Yolanda Rodela, the Interim City Clerk for the City of Socorro, testified that Socorro
police officers are at-will, civil service employees and they are paid by the City of Socorro. 
She stated that Section 3.13 of the 2001 city charter required that the city counsel pass an
ordinance in order to abolish a department. Rodela testified that Ordinance Number 211, an
ordinance that adopted the city budget from October 1, 2000 through September 30, 2001,
listed the police department as a city department and also funded the police department. 
There were similar ordinances passed in the next two fiscal years.
           Greg Hudson testified that he was an attorney hired to help draft the new charter for
the City of Socorro. He testified that Section 4.05 requires the city to create a police
department by ordinance; although the charter does not indicate what type of ordinance is
required. Hudson testified that a budget ordinance adopted by the city counsel recognizes
and establishes each department and funds it for the fiscal year. He implied that the budget
ordinances which funded the police department were sufficient to satisfy Section 4.05. 
Further, he testified that Section 5.04(b) of the new charter provided that the city can create
programs by adopting a budget ordinance.
           Hudson testified that Section 3.13(a) of the charter requires that if a city counsel
wished to abolish a department, it must do so by ordinance. No such ordinance had been
passed. Hudson also noted that Section 3.14 of the charter stated that every ordinance shall
have only one subject expressed in its title; although the ordinance may adopt different
actions but may have only one subject heading. At the close of the evidence, the court denied
Appellant’s motion to suppress the evidence.
II. DISCUSSION
           In Issue Nos. One and Two, Appellant asserts that under State and Federal law, the
court erred in failing to grant his motion to suppress the evidence because the arresting
officer was not a peace officer authorized to enforce traffic violations within the
geographical boundaries of the City of Socorro, Texas. We review a trial court’s ruling on
a motion to suppress using the bifurcated standard articulated in Guzman v. State, 955
S.W.2d 85 (Tex. Crim. App. 1997). See Carmouche v. State, 10 S.W.3d 323, 327 (Tex.
Crim. App. 2000); Krug v. State, 86 S.W.3d 764, 765 (Tex. App.--El Paso 2002, pet. ref’d). 
We do not engage in our own factual review because at a suppression hearing, the trial judge
is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given
to their testimony. See State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); Romero
v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). We give almost total deference to
the trial court’s ruling on (1) questions of historical fact and (2) application-of-law-to-fact
questions that turn on an evaluation of credibility and demeanor. Johnson v. State, 68
S.W.3d 644, 652-53 (Tex. Crim. App. 2002); Best v. State, 118 S.W.3d 857, 861-62 (Tex.
App.--Fort Worth 2003, no pet.). We review de novo a trial court’s rulings on mixed
questions of law and fact if they do not turn on the credibility and demeanor of witnesses. 
Johnson, 68 S.W.3d at 652-53. As there were no explicit findings of historical facts by the
trial court, the evidence must be viewed in a light most favorable to the trial court’s ruling. 
Carmouche, 10 S.W.3d at 327-28.
           Appellant maintains that the Police Department of the City of Socorro is not operating
validly because there is no ordinance creating the police department. Therefore, Officer
Juarez had no authority to stop Appellant for a traffic violation.
           The rules of construction state that a city charter is to be interpreted by reading it as
a whole and its varying provisions must be harmonized as far as possible. Hammond v. City
of Dallas, 712 S.W.2d 496, 498 (Tex. 1986). In the present case, reading the charter as a
whole, it seems clear that the city’s budget ordinances created the police department in a
manner that satisfied the requirements of Section 4.05.
           Greg Hudson’s testimony revealed that while Section 4.05 of the charter requires that
the police department be created by ordinance, the section does not indicate what the form
or content of the ordinance must be. Section 5.04(b) states that the council may create
programs by adopting a budget ordinance. Viewing the charter as a whole, we find that the
police department was validly created by the budget ordinances; therefore, Officer Juarez
was authorized to stop Appellant’s vehicle for a traffic violation. Accordingly, Issue Nos.
One and Two are overruled in their entirety.
           In Issue Nos. Three and Four, Appellant asserts that under State and Federal law, the
court erred in failing to grant his motion to suppress the evidence because the State failed to
prove that Appellant voluntarily consented to submit to the breath test. Specifically,
Appellant contends that the officer deceived him by telling him that he would be released if
he passed the breath test even though the officer subjectively intended to arrest him
regardless of the test results.
           Consent to search is a well-established exception to the constitutional requirements
of both a warrant and probable cause. Carmouche, 10 S.W.3d at 331 (citing Schneckloth v.
Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)). A suspect’s consent
to a breath test must be voluntary. Turpin v. State, 606 S.W.2d 907, 914 (Tex. Crim. App.
1980) (construing former version of Section 724.015 of Transportation Code). For consent
to a breath test to be deemed “voluntary,” a suspect’s decision must not be the result of
physical pressure or psychological pressure brought to bear by law enforcement officials. 
See Thomas v. State, 723 S.W.2d 696, 704-05 (Tex. Crim. App. 1986) (noting that consent
to breath test involuntary if induced by physical force or mental coercion); Schafer v. State,
95 S.W.3d 452, 455 (Tex. App.--Houston [1st Dist.] 2002, pet. ref’d) (noting that consent
to breath test involuntary if induced by misstatement of direct statutory consequences arising
from refusal). A suspect’s decision to submit to a breath test must be his own, made freely,
and with a correct understanding of the statutory consequences of refusal. Erdman v. State,
861 S.W.2d 890, 893 (Tex. Crim. App. 1993).
           In Erdman, the arresting officer gave the suspect the warnings concerning the
consequences of refusing to submit to a breath test, as required by Section 724.015, but
added additional, extra-statutory warnings. Id. at 893-94. The extra-statutory warnings
included the following: (1) that DWI charges would be filed against the suspect and (2) that
he would be put in jail that night. Id. at 891, 894. The Court of Criminal Appeals held that
the extra-statutory warnings conveyed to the suspect were of the type that would result in
“considerable psychological pressure.” Id. at 894. Erdman thus stands for the proposition
that law enforcement officials “must take care to warn DWI suspects correctly about the
actual, direct, statutory consequences of refusal.” Id.; see also State v. Serrano, 894 S.W.2d
74, 75-76 (Tex. App.--Houston [14th Dist.] 1995, no pet.) (affirming grant of new trial
premised on warnings provided by arresting officer that exceed warnings listed in statute).
           Officer Juarez’s statement here falls far short of the officer’s coercive statements in
Erdman. Officer Juarrez did not make any statements about the consequences of refusal to
take a breath test beyond those listed in Section 724.015. Officer Juarez did not warn
Appellant that dire consequences would follow if he refused to take the breath test. 
Likewise, he did not make any extra-statutory assertions about the possible consequences of
refusing to submit to the test. Accordingly, Officer Juarez did not coerce Appellant to
consent.
           In Sandoval v. State, a DWI suspect asked the arresting officer what consequences
would follow if he passed the breath test. Sandoval v. State, 17 S.W.3d 792, 794 (Tex. App.--Austin 2000, pet. ref’d). The officer told the suspect that a family member could come to
pick him up if he passed, but that he would be charged with DWI if he did not pass,
whereupon the suspect agreed to take test, which proved positive for alcohol. Id. Sandoval
filed a pretrial motion to suppress the test results on the grounds that he had been coerced,
and that his consent was therefore involuntary. Id. In affirming the trial court’s refusal to
grant the motion to suppress, the Austin Court of Appeals concluded that an officer’s
statements to Sandoval about the consequences of passing or failing the breath test were not
of the same coercive nature as those in Erdman, which were premised solely on the
consequences of refusing to submit to the test. See Sandoval, 17 S.W.3d at 797. Moreover,
Sandoval did not present additional evidence to show a causal link between his consent to
the breath test and the officer’s statements. Id.
           Here, Officer Juarez stated that Appellant would be released if he passed the test. 
Appellant contends that it was the officer’s subject intent to not release him; yet, there is
nothing in the record to indicate that this was communicated to Appellant. Issue Nos. Three
and Four are overruled.
           In Issue No. Five, Appellant argues that the court erred in failing to suppress the
evidence because the State never proved that Appellant committed a traffic offense. 
Specifically, Appellant contends that the State failed to prove a lawful traffic stop because
Officer Juarez did not specifically name the section of the traffic laws that Appellant
violated.
           When a traffic violation is committed within an officer’s view, the officer may
lawfully stop and detain the person for the traffic violation. Tex. Code Crim. Proc. Ann.
art. 14.01(b) (Vernon 2005); Tex. Transp. Code Ann § 543.001 (Vernon 1999); Walter v.
State, 28 S.W.3d 538, 542 (Tex. Crim. App. 2000); McVickers v. State, 874 S.W.2d 662, 664
(Tex. Crim. App. 1993). No additional probable cause or reasonable suspicion is required. 
See Walter, 28 S.W.3d at 542. Probable cause to arrest exists when the facts and
circumstances within the knowledge of the arresting officer, and of which he has reasonably
trustworthy information, are sufficient to warrant a reasonable person to believe that a
particular person has committed or is committing a crime. See Guzman, 955 S.W.2d at 87.
           While Officer Juarez never testified specifically to the provision of the Transportation
Code that was violated, the State did argue in closing that Appellant violated Transportation
Code Sections 544.007 (failure to stop at a designated stop-line) and 545.302 (prohibiting
stopping on a bridge) as the traffic offenses Appellant violated. The officer testified to the
operative elements of the first offense; we know of no requirement that he recite the code
provision number. Accordingly, Issue No. Five is overruled.
           Having overruled each of Appellant’s issues on review, we affirm the judgment of the
trial court.
                                                                  RICHARD BARAJAS, Chief Justice

July 27, 2006

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)