**Ex Parte Robert Elmond PRICE.**

**No. 10–07–00153–CR.**

Court of Appeals of Texas, Waco.

June 27, 2007.

Original Proceeding.

Robert Elmond Price, Waco, pro se.

John W. Segrest, McLennan County District Attorney, Waco, for The State of Texas.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## MEMORANDUM OPINION

PER CURIAM.

Robert Elmond Price has filed an original habeas application with this Court complaining that Respondent, the Honorable Matt Johnson, Judge of the 54th District Court of McLennan County, has refused to rule on a habeas application he filed with Respondent in which Price asked to be released from jail on a personal recognizance bond. We will dismiss this proceeding for want of jurisdiction.

According to Price's application,[1] he was arrested for burglary of a habitation on October 28, 2006 and was not released on a personal recognizance bond after ninety days. *See* Tex.Code Crim. Proc. Ann. art. 17.151, § 1(1) (Vernon Supp.2006); *Rowe v. State*, 853 S.W.2d 581, 582 (Tex.Crim. App.1993); *Ex parte Avila*, 201 S.W.3d 824, 826 (Tex.App.-Waco 2006, no pet.). Price was indicted on March 28, 2007. He filed a habeas application with Respondent on April 12, requesting release on a personal recognizance bond. Price contends that Respondent has not set the matter for hearing or otherwise ruled on the merits of his application. He asks this Court "to please order the trial court to appoint a time to hear the Writ I filed to the trial court or to rule on the appeal writ I filed to this court."[2]

This Court does not have original habeas corpus jurisdiction in criminal law matters. *Queen v. State*, 212 S.W.3d 619, 623 (Tex.App.-Austin 2006, no pet.); *Watson v. State*, 96 S.W.3d 497, 500 (Tex.App.-Amarillo 2002, pet. ref'd); *In re White*, 45 S.W.3d 787, 789 (Tex.App.-Waco 2001, orig. proceeding).

In a case where a judge refuses to issue the requested writ of habeas corpus or denies an applicant the requested hearing on the merits of his claim, an applicant's remedies are limited. Some remedies available to an applicant in that situation are to present the application to another district judge having jurisdiction, or under proper circumstances, to pursue a writ of mandamus.

*Ex parte Hargett*, 819 S.W.2d 866, 868 (Tex.Crim.App.1991) (footnotes omitted); *Ex parte Gonzales*, 12 S.W.3d 913, 914–15 (Tex.App.-Austin 2000, pet. ref'd).

Here, there is no indication that Price has presented his habeas application to another district judge. For mandamus relief to be proper, Price must have no other adequate legal remedy available to him. *See Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786 (Tex.Crim.App.2006) (per curiam). Presentation to another district judge is an adequate legal remedy available to Price. Therefore, mandamus relief would be inappropriate.

Because we do not have original habeas jurisdiction in criminal law matters and because Price has an adequate legal remedy, we dismiss this proceeding for want of jurisdiction.

Justice VANCE dissents from the judgment with a note.*

---

1. Price filed a verified habeas application with this Court. We presume that the factual allegations are accurate. *Cf.* Tex.R.App. P. 52.3 (petition in original proceeding "must be verified"). Nevertheless, even assuming as we do that the allegations are true, Price is not entitled to the relief sought.

2. This request for relief is actually contained in Price's response to a notice letter sent by the Clerk of this Court requiring Price to show that we have jurisdiction or otherwise show grounds for continuing this proceeding.

* (As I explained in *In re Piper*, 105 S.W.3d 107 (Tex.App.-Waco 2003, orig. proceeding) (Vance, J., dissenting), Price has a right and the trial judge has a duty to issue the writ. *See also Ex parte Williams*, 200 S.W.3d 819 (Tex.App.-Beaumont 2006, orig. proceeding)).