

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-09-00383-CR

## EX PARTE HELEN MAYFIELD

_____

## Original Proceeding

---

## MEMORANDUM  OPINION

---

Helen Mayfield filed an emergency application for writ of habeas corpus alleging that the trial court failed to award credit for time she spent under electronic monitoring. She contends that she has filed two motions *nunc pro tunc*, to which the trial court has failed to respond.  We dismiss the application for want of jurisdiction.

A complaint that a defendant "should be awarded time credit for the time he spent on bond under electronic monitoring because this time is equivalent to confinement" is "akin to a pre-sentence jail time credit claim."  *Ex parte Myers*, No. WR-68,402-02, 2008 Tex. Crim. App. Unpub. LEXIS 47, at *2 (Tex. Crim. App. Jan. 23, 2008). Such an issue must first be presented to the trial court via a motion *nunc pro tunc*.  *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004).  Where the trial court fails to

respond to the motion, as Mayfield alleges occurred in this case, the defendant must first "seek relief in the Court of Appeals, by way of a *petition for a writ of mandamus*, unless there is a compelling reason not to do so." *Id*. at 149 (emphasis added); *see In re Florence*, No. 10-09-00030-CR, 2009 Tex. App. LEXIS 2397, at *2 (Tex. App.—Waco Apr. 8, 2009, orig. proceeding) (not designated for publication).

Accordingly, an emergency application for writ of habeas corpus is not the proper remedy in this case.[1]  Moreover, "[t]his Court does not have original habeas corpus jurisdiction in criminal law matters."  *Ex parte Price*, 228 S.W.3d 885, 886 (Tex. App.—Waco 2007, orig. proceeding).  For these reasons, we dismiss Mayfield's application for want of jurisdiction.

FELIPE REYNA
Justice

Before Chief Justice Gray
      Justice Reyna, and
      Justice Davis
Writ dismissed
Opinion delivered and filed December 30, 2009
[OT06]

---

[1]     Nor can Mayfield's application for writ of habeas corpus be treated as a petition for writ of mandamus, as it does not comply with Rule of Appellate Procedure 52.  *See* TEX. R. APP. P. 52.