

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00328-CR

## EX PARTE JERWOODY MOLER

**From the 12th District Court**
**Walker County, Texas**
**Trial Court No. 25392**

## MEMORANDUM  OPINION

Appellant's "application for writ of habeas corpus and motion to appeal judgment on motion to dismiss" was filed in this Court on August 25, 2011.  Based on this document and the parties' briefs, it appears that Appellant's pretrial application for writ of habeas corpus (seeking bail reduction or release under Code of Criminal Procedure art. 17.151) was filed in the trial court on December 15, 2010.  Appellant and the State assert that this pretrial application has not been ruled on by the trial court.

It appears that Appellant seeks in part a writ of habeas corpus from this Court, but this Court does not have original habeas corpus jurisdiction in criminal law matters. *Ex parte Price,* 228 S.W.3d 885, 886 (Tex. App.—Waco 2007, no pet.).  Accordingly, Appellant's claim for habeas corpus relief from this Court is dismissed for lack of

jurisdiction.

Appellant alleges that his motion to dismiss was heard and denied on March 11, 2011, and the State asserts that it was denied on March 14, 2011 (according to the trial court's docket sheet, which the State has provided us). We will treat Appellant's "application for writ of habeas corpus and motion to appeal judgment on motion to dismiss" in part as a notice of appeal of the trial court's denial of Appellant's motion to dismiss. This Court lacks jurisdiction of Appellant's appeal of the trial court's denial of Appellant's motion to dismiss because the notice of appeal is untimely. *See* TEX. R. APP. P. 26.2(a)(1) (providing that notice of appeal must be filed within 30 days after day trial court enters an appealable order). Furthermore, this Court lacks jurisdiction of Appellant's appeal of the trial court's denial of Appellant's motion to dismiss because this Court does not have jurisdiction of such an interlocutory appeal. *See Abbott v. State*, 271 S.W.3d 694 (Tex. Crim. App. 2008) (standard for determining jurisdiction is not whether appeal is precluded by law, but whether appeal is authorized by law); *Everett v. State,* 91 S.W.3d 386, 386 (Tex. App.—Waco 2002, no pet.) (stating that this court has jurisdiction over criminal appeals only when expressly granted by law).

Accordingly, this cause, as both an original proceeding seeking a writ of habeas corpus in a criminal case and an interlocutory appeal, is dismissed in its entirety for lack of jurisdiction.


REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Dismissed
Opinion delivered and filed September 28, 2011
Do not publish
[CR25]