

NUMBER 13-12-00094-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE:  ANTHONY ALLEN HAYES

On Petition for Writ of Habeas Corpus.

## MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion Per Curiam[1]**

Relator, Anthony Allen Hayes, filed a petition for writ of habeas corpus on February 3, 2012, through which he seeks to compel the trial court to release him from allegedly illegal confinement in an extradition case.  *See* Tex. Code Crim. Proc. Ann. art. 51.13 (West 2006) (containing the Uniform Criminal Extradition Act).  The Court requested and received a response to the petition from the State of Texas, acting by

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

and through the District Attorney for Kleberg and Kenedy Counties. We dismiss the petition for writ of habeas corpus for lack of jurisdiction as stated herein.

A relator is not entitled to habeas corpus relief unless he was deprived of his liberty without due process of law or if the judgment ordering him confined is void. *See In re Alexander*, 243 S.W.3d 822, 824 (Tex. App.—San Antonio 2007, orig. proceeding). The purpose of a habeas corpus proceeding is not to determine the ultimate guilt or innocence of the relator, but to ascertain if the relator has been unlawfully confined. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979); *Alexander*, 243 S.W.3d at 827.

This Court's original jurisdiction to grant habeas corpus relief derives from section 22.221(d) of the Texas Government Code, which provides, in relevant part:

> Concurrently with the supreme court, the court of appeals of a court of appeals district in which a person is restrained in his liberty, or a justice of the court of appeals, may issue a writ of habeas corpus when it appears that the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case.

TEX. GOV'T CODE ANN. § 22.221(d) (West 2004). Thus, this Court has no original habeas corpus jurisdiction in criminal law matters. *See id.*; *Ex parte Price*, 228 S.W.3d 885, 886 (Tex. App.—Waco 2007, no pet.); *Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd); *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.— San Antonio 1999, no pet.); *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, no pet.); *see also In re Walker*, Nos. 05-11-01612-CV, 05-11-01613-CV & 05-11-01614-CV, 2011 Tex. App. LEXIS 9513, at *1 (Tex. App.—Dallas Dec. 6, 2011, orig. proceeding) (mem. op.). In such cases, our jurisdiction is appellate only. *See*

2

*Dodson*, 988 S.W.2d at 835. In criminal matters, the courts authorized to issue writs of habeas corpus are the Texas Court of Criminal Appeals, the district courts, and the county courts. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005). In extradition matters, an application for writ of habeas corpus is both authorized and delineated by statute. *See id.* art. 51.13 § 10 (West 2006).

The Court, having examined and fully considered the petition for writ of habeas corpus, the response, and the applicable law, is of the opinion that we are without jurisdiction to consider his application. Therefore, we dismiss this petition for writ of habeas for lack of jurisdiction without reference to the merits.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
9th day of February, 2012.

3