

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00217-CR

_____

EX PARTE:  JEFF BURKS

_____

On Appeal from the 4th District Court
Rusk County, Texas
Trial Court No. 2013-304

_____

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Jeff Burks owes unpaid traffic fines assessed in the Municipal Court of the City of Henderson, Rusk County, Texas, alleged to exceed $5,000.00. He claims to be unable to pay them and, apparently without a hearing on his ability to pay, has been confined by authorities to "lay out" the fines, apparently requiring Burks to serve confinement time as a means of satisfying his unpaid fines. Burks' application for writ of habeas corpus was denied by the Fourth District Court, and he appeals that denial. We grant Burks relief because (1) we have jurisdiction over this appeal, (2) the record does not establish that a written order exists, (3) the lack of verification is not fatal, and (4) the municipal court should have held a hearing on Burks' ability to pay.

Attached to Burks' application is an affidavit in which Burks states that he is "out of work and ha[s] no income at the present time" and that his wife's sole income is a paper route. The affidavit further states that Burks' wife "has five young children at home" and "all the money [she] could raise from pawning personal items" was $200.00. Although the district court never formally issued a writ, the court held a hearing attended by Burks, Burks' counsel, and the Rusk County District Attorney. At the conclusion of the very brief hearing, the district court denied Burks' application, but granted Burks bail pending appeal.[1]

A trial court's decision to grant or deny relief on a writ of habeas corpus is reviewed for abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). We afford

---

[1]It is uncontested that Burks is currently released on bond pending resolution of this appeal. *See Ex parte Armes*, 582 S.W.2d 434, 437 (Tex. Crim. App. [Panel Op.] 1979) (person released on bail in custody for purposes of habeas proceedings).

almost total deference to the trial court's findings of fact which are supported by the record. *Ex parte Amezquita*, 223 S.W.3d 363, 367 (Tex. Crim. App. 2006). However, we review de novo a trial court's conclusions of law. *Ex parte Brown*, 158 S.W.3d 449, 453 (Tex. Crim. App. 2005).

"The Constitution prohibits the State from imposing a fine as a sentence and then automatically converting it into a jail term solely because the defendant is indigent and cannot forthwith pay the fine in full." *Tate v. Short*, 401 U.S. 395, 398 (1971). *Tate* invalidated a Texas law that automatically converted traffic fines into imprisonment for a sufficient time to satisfy the fines. *Id.* The high Court mandated that a hearing on indigency be held and that alternatives to imprisonment be considered, but it cautioned:

> [O]ur holding today does not suggest any constitutional infirmity in imprisonment of a defendant with the means to pay a fine who refuses or neglects to do so. Nor is our decision to be understood as precluding imprisonment as an enforcement method when alternative means are unsuccessful despite the defendant's reasonable efforts to satisfy the fines by those means; the determination of the constitutionality of imprisonment in that circumstance must await the presentation of a concrete case.

*Id*. at 400–01.

Under the Due Process and Equal Protection Clauses of the United States Constitution, a trial court must hold a hearing on a defendant's ability to pay before revoking a defendant's community supervision for the failure to pay fees. *Bearden v. Georgia*, 461 U.S. 660, 672–73, (1983); *see Gipson v. State*, 383 S.W.3d 152, 159 (Tex. Crim. App. 2012). "If the State determines a fine or restitution to be the appropriate and adequate penalty for the crime, it may not thereafter imprison a person solely because he lacked the resources to pay it." *Bearden*, 461

3

U.S. at 667–68. This general rule applies unless (1) "probationer has willfully refused to pay the fine or restitution when he has the means to pay" or (2) "the sentencing court determines that alternatives to imprisonment are not adequate in a particular situation to meet the State's interest in punishment and deterrence." *Id.* at 672–73.

Under Texas statute, if a defendant is indigent, the defendant must be provided the option to discharge a justice-court or municipal-court fine through community service.[2] TEX. CODE CRIM. PROC. ANN. art. 45.046 (West Supp. 2013). To order confinement based on defaults in the discharge of a justice court or municipal court judgment, the court must hold a hearing and make a written determination that

> (1)    the defendant is not indigent and has failed to make a good faith effort to discharge the fine and costs; or
> (2)    the defendant is indigent and:
>     (A)    has failed to make a good faith effort to discharge the fines and costs under Article 45.049; and
>     (B)    could have discharged the fines and costs under Article 45.049 without experiencing any undue hardship.

TEX. CODE CRIM. PROC. ANN. art. 45.046(a).

Burks argues that the trial court abused its discretion because Burks' confinement is unlawful under both the United States Constitution and Article 45.046 of the Texas Code of Criminal Procedure. The State raises three counter-issues in response. The State claims this Court lacks jurisdiction over this appeal because the district court never issued the writ. The State further argues Burks' petition was fundamentally defective because it did not contain a

---

[2] A justice or municipal court may discharge all or part of the fine or cost by allowing the defendant to perform community service. TEX. CODE CRIM. PROC. ANN. art. 45.049 (West Supp. 2013).

certified copy of the written order complained of and because it lacked a verification. In his reply brief, Burks argues that the State has not preserved these counter-issues for appellate review.[3]

*(1)* *We Have Jurisdiction Over this Appeal*

The State argues this Court lacks jurisdiction over this appeal because the trial court refused to issue the writ. While the trial court never formally issued the writ in this case, we have jurisdiction because Burks was present at the hearing and the trial court ruled on the merits of the application.

Texas district courts shall have original jurisdiction to issue writs of habeas corpus. *See* TEX. CONST. art. V, § 8; TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005); *Villanueva v. State*, 252 S.W.3d 391, 394 (Tex. Crim. App. 2008). Post-conviction misdemeanor applications for habeas corpus are governed by Article 11.09. S*ee* TEX. CODE CRIM. PROC. ANN. art. 11.09 (West 2005); *Ex parte Tarango*, 116 S.W.3d 201, 202 (Tex. App.—El Paso 2003, no pet.). Article 11.09 does not deprive district courts of jurisdiction over misdemeanors, and district courts have concurrent jurisdiction with county courts to hear post-conviction habeas corpus petitions in cases involving misdemeanors. *State ex rel. Rodriguez v. Onion*, 741 S.W.2d 433,

---

[3]Burks cites *State v. Serrano*, 894 S.W.2d 74, 75 (Tex. App.—Houston [14th Dist.] 1995, no writ). The State appealed in *Serrano*. *Id.* Although it is well established that the principles of procedural default apply equally to the State when the State appeals, the "rules of procedural default do not ordinarily limit appellees, who may argue on appeal that the trial court's ruling should be affirmed so long as it is correct under any theory of law that is applicable to the case . . . ." *State v. Esparza*, 413 S.W.3d 81, 88–89 (Tex. Crim. App. 2013). The State is the appellee in this case. Except as discussed below, the principles of procedural default do not bar an appellee's counter-issues.

434 (Tex. Crim. App. 1987); *see Ex parte Davis*, No. 12-09-00172-CR, 2010 Tex. App. LEXIS 1664, at *2 (Tex. App.—Tyler Mar. 10, 2010, pet. ref'd) (not designated for publication).

In a habeas corpus proceeding, "there is a distinction between the issuance of a writ of habeas corpus and the granting of relief on the claims set forth in an application for that writ." *Ex parte Hargett*, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991). The writ is defined as an

> order issued by a court or judge of competent jurisdiction, directed to any one having a person in his custody, or under his restraint, commanding him to produce such person, at a time and place named in the writ, and show why he is held in custody or under restraint.

TEX. CODE CRIM. PROC. ANN. art. 11.01 (West 2005). In other words, the writ in a habeas corpus proceeding is merely the formal order securing the presence of the person in custody.

This Court has no original habeas corpus jurisdiction in criminal law matters;[4] our jurisdiction is appellate only. *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.); *see* TEX. GOV'T CODE ANN. § 22.221(d) (West 2004); *Ex parte Jordan*, 659 S.W.2d 827, 828 (Tex. Crim. App. 1983) (courts of appeals have appellate jurisdiction over appeals from post-conviction writs in misdemeanor, not felony, cases); *Ex parte Price*, 228 S.W.3d 885, 886 (Tex. App.—Waco 2007, orig. proceeding); *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd). Although a trial court has a ministerial duty to issue

---

[4]This Court has original jurisdiction when "the restraint of liberty is by virtue of an order, process, or commitment issued by a court or judge because of the violation of an order, judgment, or decree previously made, rendered, or entered by the court or judge in a civil case." TEX. GOV'T CODE ANN. § 22.221(d) (West 2004).

6

the writ,[5] an appellate court normally lacks jurisdiction over an appeal from a petition for writ of habeas corpus when the trial court refuses to issue the writ. *See, e.g.*, *Ex parte Moorehouse*, 614 S.W.2d 450, 451 (Tex. Crim. App. 1981); *Ex parte Williams*, 200 S.W.3d 819, 823 (Tex. App.— Beaumont 2006, no pet.).

Under certain circumstances, we can have jurisdiction even though the trial court fails to formally issue the writ. We have jurisdiction over an appeal when a trial judge, without formally issuing the writ, disposes of an application for a writ of habeas corpus by ruling on the merits of an applicant's claims. *Hargett*, 819 S.W.2d at 868. The Texas Court of Criminal Appeals has explained that its opinion in *Hargett* "implicitly recognized that in ruling on the merits the trial judge had, in effect, issued the writ." *Villanueva*, 252 S.W.3d at 395. The trial court in this case, in effect, issued the writ because the defendant was present at the hearing and the trial court ruled on the merits of his petition. *See Hargett*, 819 S.W.2d at 868.

In his reply brief, Burks argued he was physically present at the hearing. This allegation put us on notice that the reporter's record, which did not indicate Burks was present, may have been inaccurate. We ordered the parties to confer and determine whether they could agree, as contemplated by Rule 34.6(e)(1) of the Texas Rules of Appellate Procedure, about the correction of the record to reflect that Burks was present. *See* TEX. R. APP. P. 34.6(e)(1). The parties responded with an agreement that "Jeff Burks attended the hearing on the Writ of Habeas Corpus filed in the 4th District Court of Rusk County, Texas[,] and was physically present at the hearing

---

[5]Mandamus is an available remedy when the trial court refuses to issue a writ. *See Hargett*, 819 S.W.2d at 868 (noting in dicta filing application in another court or pursuing writ of mandamus are possible remedies when court refuses to issue writ).

in the Courtroom on September 9, 2013." By securing Burks' presence through informal means, the trial court had, in effect, issued the writ.

Further, the trial court ruled on the merits of Burks' petition. The hearing did not concern a dispute over whether the writ should issue. The trial court, rather, permitted both sides to argue the merits of the application for writ of habeas corpus. At the conclusion of the hearing, the trial court stated, "All right, I'm going to deny the writ, application [for] writ of habeas corpus." Placed in context of the hearing, we conclude the trial court's ruling expressed an intention to rule on the merits of the petition.

Because Burks was present at the hearing and the trial court ruled on the merits of the petition, we conclude we have jurisdiction based on the exception. *See Hargett*, 819 S.W.2d at 868.

*(2)    The Record Does Not Establish that a Written Order Exists*

The State's next counter-point is that Burks' failure to attach the written order of confinement is fatal to his application. The State cites *Ex parte Eldridge*, 224 S.W.2d 262 (Tex. Crim. App. 1949), and *Ex parte Bowers*, 98 S.W.2d 191 (Tex. Crim. App. 1936), in support of its argument. "When the party is confined or restrained by virtue of any writ, order or process, or under color of either, a copy shall be annexed to the petition, or it shall be stated that a copy cannot be obtained." TEX. CODE CRIM. PROC. ANN. art. 11.14(2) (West 2005). Although the record does not contain evidence establishing the basis of Burks' confinement, the petition alleges the confinement is based, not on a written court order, but on an informal policy that automatically converts fines into jail time. The State's argument requires us to presume, without

8

any support in the record, that Burks has been confined based on a written court order. Because the record does not establish Burks is confined based on a written order, we reject that argument.

At the hearing, the State did not complain about Burks' failure to attach a written order. Neither party introduced any evidence concerning whether Burks was confined based on an oral order, an informal policy which automatically converts fines into jail time, or a written order.[6] While Burks alleged his confinement was unlawful, Burks did not specify the authority for his confinement other than his arrest on warrants for unpaid traffic fines. The State did not complain about this lack of specificity or offer any evidence that there was a written court order authorizing Burks' confinement. Thus, the evidence presented at the hearing did not establish Burks was confined based on a written order.[7]

The record strongly suggests that a written order does not exist, but that Burks has been confined based on an informal policy that automatically converts fines into jail time. The stipulation and agreed order suggest the arrest warrant is the sole written authority for Burks'

---

[6]Although Burks' application suggests an informal policy which automatically converts fines into jail time, the application was not verified and Burks did not present any evidence supporting this claim at the hearing.

[7]When we ordered the parties to confer concerning the presence of Burks, we noted the record "fails to establish, though, what authority the sheriff is claiming for the incarceration" as well as "whether a court order exists, regardless of whether it is oral or written." We directed the parties to confer concerning "whether a court order has been rendered since the issuance of an arrest warrant for failure to pay the fine and, if such a court order exists, whether the court order was written or oral." The parties responded by filing an agreed supplementation of the record pursuant to Rule 34.6(e)(1) and stipulating, "Jeff Burks was confined and restrained of his liberty by the Sheriff of Rusk County, Texas[,] in the Rusk County Jail in Henderson, Texas, on September 3, 2013[,] pursuant to [a] warrant issued by the City Court of the City of Henderson, true and correct copies of which are attached hereto and incorporated herein." *See* TEX. R. APP. P. 34.6(e)(1). The problem with the parties' stipulation, as well as the agreed record, is that it does not answer our question of whether any written or oral court order exists. While the warrants—the agreed record contains eleven arrest warrants—provide a basis for the arrest, they do not authorize continued confinement in the absence of a written court order in compliance with Article 45.046 of the Texas Code of Criminal Procedure. Neither the evidence at the hearing nor the agreed record indicates Burks' confinement is based on a written court order.

9

confinement. The agreed record contains a note from the municipal court in which the municipal judge denied Burks' request for a hearing for a Personal Recognizance Bond and states, "You must pay the full amount of the fine or layout in the county jail until 10-24-13." At the hearing on the habeas application, the State questioned, "[I]sn't it true that people lay out fines all the time?" The district court asked, "But is he not getting credit for time served against the fines?" Although the record does not expressly demonstrate that Burks' confinement is based on this apparent informal policy, it strongly suggests the use of such a policy and contains no contrary information.

A writ of habeas corpus is available when confinement is based on an oral order. *See Ex Parte Supercinski*, 561 S.W.2d 482, 484 (Tex. Crim. App. 1977). One cannot attach a certified copy of a written order that does not exist. We cannot presume, as requested by the State, that Burks' confinement is based on a written order. Because the record does not establish Burks was confined based on a written order,[8] we conclude this case is analogous to cases where confinement is based on an oral order. Burks' failure to attach a certified copy of a written order, which the record does not establish even exists, is not a fatal defect.

---

[8]This case is unusual in that Burks managed to establish, as discussed below, that his confinement was unlawful despite failing to prove the basis of his confinement. Clearly, the better practice would be to establish the basis of a person's confinement. However, as discussed below, the record contains sufficient evidence that the hearing mandated by Article 45.046 of the Texas Code of Criminal Procedure and by precedent of the United States Supreme Court was never held and that Burks' confinement is unlawful. We strongly advise practioners to establish the basis of confinement in applications for writs of habeas corpus. Normally, an applicant cannot establish his or her confinement is unlawful without establishing the basis of his or her confinement.

10

*(3)       The Lack of Verification Is Not Fatal*

The State's final argument is that Burks' failure to verify the petition is fatally defective. "Oath must be made that the allegations of the petition are true, according to the belief of the petitioner." TEX. CODE CRIM. PROC. ANN. art. 11.14(5) (West 2005); *see Ex parte Rendon*, 326 S.W.3d 221 (Tex. Crim. App. 2010) (applicant does not have to personally verify petition and petitioner who was not applicant can verify application). Neither Burks nor his counsel verified the petition. An affidavit is attached to the petition which is signed by Burks and notarized. Although the jurat provides that the affidavit was "SUBSCRIBED AND SWORN TO BEFORE" the notary, Burks does not state that the facts in the affidavit are true and correct. Burks argues that this affidavit satisfies the verification requirement.

The Texas Court of Criminal Appeals has recognized a lack of verification is not jurisdictional and is not always fatally defective. *Ex parte Golden*, 991 S.W.2d 859, 862 (Tex. Crim. App. 1999). Despite lacking a verification, the court granted relief in *Golden*. *Id*. The Court of Criminal Appeals has since reaffirmed *Golden* in dicta:

> Our opinions in these cases suggest that a verification requirement is to some extent rendered moot when the trial court conducts a hearing and the non-moving party has an opportunity to respond, does not object to the lack of verification, and addresses the substance of the motion on the merits.

*Druery v. State*, 412 S.W.3d 523, 533 (Tex. Crim. App. 2013). In this case, the State attended the hearing, had an opportunity to respond, did not object to the lack of a verification, and addressed the application on the merits. Thus, the verification requirement has been rendered moot by the State's conduct.

11

In *Golden*, the court made the following observation: "When an applicant makes sworn allegations of fact which, if true, would entitle him to relief, we often remand the cause to the trial court to allow the applicant to prove his allegations through affidavits or an evidentiary hearing." *Golden*, 991 S.W.2d at 862 n.2. Emphasizing its decision was "grounded on the particular facts of this case," *Golden* concluded a remand was not necessary because the State had not moved to dismiss based on verification, the State conceded that the applicant was entitled to relief, the trial court had made relevant fact-findings, and there was adequate proof in the record to support the applicant's claim. *Id.*

Although not all of the facts relied on in *Golden* are present in this case, the essence of *Golden* is the existence of an adequate record to support the court's opinion. Like the court in *Golden*, we do not believe a remand is necessary here. The State did not move to dismiss at trial, and it raised the issue of verification for the first time on appeal. An affidavit was attached to the application. Although the affidavit does not address all of the allegations in the application, the application was filed by a licensed attorney. When a licensed attorney files a proceeding, the attorney certifies the proceeding is not groundless and is brought in good faith. *See* TEX. CODE CRIM. PROC. ANN. art. 1.052 (West 2005); *see also* TEX. R. CIV. P. 13. We are not suggesting the verification requirement does not apply to habeas proceedings filed by a licensed attorney. However, the fact that the filing was made by a licensed attorney lessens the concern that the filing contains false allegations. Further, Burks was represented by a licensed attorney at the hearing. The attorney's testimony at the hearing addressed the necessary allegations not

12

addressed by the affidavit. Although the record could be better developed, an adequate record exists.

Although the trial court did not make relevant fact-findings here, *Golden* concerned a post-conviction felony habeas proceeding governed by Article 11.07, and findings of fact were required by Section 7(a) of Article 11.07. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 7(a) (West Supp. 2013); *see also Golden*, 991 S.W.2d at 862. Findings of fact are not statutorily mandated in a habeas proceeding governed by Article 11.09. *See* TEX. CODE CRIM. PROC. ANN. art. 11.09. Thus, the absence of findings of fact does not render the record inadequate in this case.

Although the State does not concede that Burks is entitled to relief in this case, the combined effect of the affidavits, Burks' attorney's testimony at the hearing, and the agreed record is to render the verification requirement a formality. As in *Golden*, an adequate record exists, and a remand for verification would just waste time and judicial resources.

*(4)*     *The Municipal Court Should Have Held a Hearing on Burks' Ability to Pay*

The record in this case does not contain any findings of fact. When the trial court does not file findings of fact, we should assume that the trial court made implicit findings that support its ruling, so long as those implied findings are supported by the record. *State v. Ross*, 32 S.W.3d 853, 855–56 (Tex. Crim. App. 2000). The trial court's evidentiary ruling "will be upheld on appeal if it is correct on any theory of law that finds support in the record." *Gonzalez v. State*, 195 S.W.3d 114, 126 (Tex. Crim. App. 2006); *see Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

The record contains some evidence that the trial court failed to hold a hearing on indigency. Burks' attorney testified,[9] without objection, that Burks had requested "a hearing on this indigency," and "the City Court refused to set a hearing."[10] The State conceded Burks was "being forced to lay out traffic tickets." The record does not contain any evidence that a hearing was held. Although we would have preferred better evidence, the only evidence in the record is that the municipal court refused to hold a hearing on Burks' ability to pay. As such, the record does not support any implied finding that the municipal court held a hearing on Burks' indigency.[11]

We cannot imply any findings which are not supported by the record. We cannot presume the municipal court complied with Article 45.046. The only evidence in the record is that the municipal court refused to hold a hearing on Burks' ability to pay. Because the

---

[9]This Court and the Texas Court of Criminal Appeals have held, even though the testimony of attorneys should be under oath as with any other witness, the statements of an attorney can be evidence if no objection to the lack of an oath is made and the attorney is making factual representations based on "first-hand knowledge." *State v. Guerrero*, 400 S.W.3d 576, 586 (Tex. Crim. App. 2013) (habeas attorney's statements about plea in 1998 not evidence because they were not based on first-hand knowledge); *Russ v. Titus Hosp. Dist.*, 128 S.W.3d 332, 338 (Tex. App.—Texarkana 2004, pet. denied); *DaimlerChrysler Corp. v. Brannon*, 67 S.W.3d 294, 300 (Tex. App.—Texarkana 2001, no pet.). Since the State did not object and the record indicates Burks' attorney was making factual representations based on first-hand knowledge, we will consider Burks' attorney's unsworn statements as evidence.

[10]Burks' application stated that an affidavit from Burks' wife and a letter requesting an indigency hearing would also be attached to the application. The record does not indicate the affidavit from Burks' wife or the letter were attached to the original application. After the trial court denied Burks' application, Burks filed an amended application to which an affidavit from Burks' wife and a letter requesting the municipal court to hold a hearing were attached. Since this affidavit and letter were not on file at the time the district court ruled, we have not considered them.

[11]The record does not establish that the municipal court issued a written determination in compliance with Article 45.046. The agreed supplementation includes jail records and warrants but does not contain a written order in compliance with Article 45.046. *See* TEX. CODE CRIM. PROC. ANN. art. 45.046(a). This defect, though, was not argued to the trial court and preserved for appellate review. It is not necessary for us to determine whether the absence of this written order was fundamental error. The absence of a hearing on Burks' ability to pay was preserved for our review and sufficient to establish Burks' entitlement to relief.

14

municipal court was required to hold such a hearing, Burks established he was being unlawfully confined. The denial of Burks' application for a writ of habeas corpus was an abuse of discretion.

Accordingly, we grant Burks' application for writ of habeas corpus. Burks and his bond are hereby discharged.[12]

Josh R. Morriss, III
Chief Justice

Date Submitted:    March 7, 2014
Date Decided:     April 25, 2014

Do Not Publish

---

[12]Our opinion should not be interpreted as prohibiting Burks' confinement if the municipal court holds a hearing, the municipal court signs a written order in compliance with Article 45.046, and the evidence at the hearing supports the necessary findings. *See* TEX. CODE CRIM. PROC. ANN. art. 45.046. Our opinion concludes, based on the evidence presented at the hearing, merely that Burks was entitled to relief. Further, our opinion should not be interpreted as being dispositive of any other related proceedings.

15