

# NUMBER 13-18-00025-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE PABLO RAY BENITEZ

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Contreras and Benavides
Memorandum Opinion by Justice Benavides[1]**

On January 11, 2018, Pablo Ray Benitez, proceeding pro se, filed a pre-trial writ of habeas corpus in this Court requesting that we order him to be released from wrongful imprisonment. Relator contends that he was denied due process of law because he was incarcerated for failing to appear at a court hearing despite having failed to receive notice

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

of the hearing. Relator further contends that he has received ineffective assistance of counsel. We dismiss this original proceeding for want of jurisdiction.

Article V, section 6, of the Texas Constitution provides that courts of appeals "shall have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law." TEX. CONST. art. V, § 6. Pursuant to this constitutional directive, the Legislature established the authority of a court of appeals to issue writs in section 22.221 of the Government Code. *See* TEX. GOV'T CODE ANN. § 22.221 (West, Westlaw through 2017 1st C.S.). Under section 22.221, our original jurisdiction to entertain applications for writ of habeas corpus extends solely to the actions of judges in civil cases. *See id.* § 22.221(d); *Lewis v. State*, 191 S.W.3d 225, 229 (Tex. App.—San Antonio 2005, pet ref'd); *In re Shaw*, 175 S.W.3d 901, 903 (Tex. App.—Texarkana 2005, orig. proceeding); *Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet ref'd); *Ex parte Hearon*, 3 S.W.3d 650, 650 (Tex. App.—Waco 1999, orig. proceeding). This Court has no original habeas corpus jurisdiction in criminal law matters. *See id.* § 22.221(d); *Ex parte Price*, 228 S.W.3d 885, 886 (Tex. App.—Waco 2007, orig. proceeding); *Chavez v. State*, 132 S.W.3d 509, 510 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *Watson*, 96 S.W.3d at 500; *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet). In such cases, our jurisdiction is appellate only. *See Dodson*, 988 S.W.2d at 835; *see also In re Hall*, No. 03-17-00778-CV, 2017 WL 5985541, at *1 (Tex. App.—Austin Nov. 30, 2017, orig. proceeding) (mem. op.).

The Court, having examined and fully considered the petition for writ of habeas corpus, is of the opinion that relator has not established this Court's jurisdiction over the

relief sought.  Accordingly, the petition for writ of habeas corpus is DISMISSED for want of jurisdiction.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of January, 2018.