

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,352

### EX PARTE FRANKIE RENDON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### FROM LUBBOCK COUNTY

**PRICE, J., delivered the opinion of the court in which KELLER, P.J. and MEYERS, WOMACK, KEASLER, HERVEY, HOLCOMB and COCHRAN, JJ., joined. JOHNSON, J., filed a dissenting opinion.**

### O P I N I O N

This is a post-conviction application for writ of habeas corpus brought pursuant to Article 11.07.[1] We filed and set this application in order to address certain aspects of the verification requirement for post-conviction applications for writ of habeas corpus.

### PROCEDURAL POSTURE

The applicant was charged by indictment with the offense of possession of cocaine with intent to deliver in a drug-free zone in an amount of less than four grams but at least one

---

[1] TEX. CODE CRIM. PROC. art. 11.07.

gram.  Pursuant to a plea bargain, the applicant pled guilty to the offense and was sentenced to five years' imprisonment.  The applicant filed a post-conviction application for writ of habeas corpus alleging a claim of ineffective assistance of counsel predicated upon erroneous advice about parole eligibility.  The applicant alleged that he pled guilty based on trial counsel's advice that he would be eligible for parole in twelve to eighteen months.  But because the applicant committed his offense in a drug-free zone, he is not eligible for parole for the duration of his five-year sentence.[2]  In support of his writ application, the applicant attached four affidavits from family members stating that he pled guilty based on trial counsel's advice that he would be eligible for parole sometime within the first two years of his sentence.  The applicant submitted his writ application on the form for post-conviction writ applications that is specifically prescribed by this Court.  Although the applicant did not sign the writ application, his writ counsel did.

After the State filed its response, the convicting court ordered the applicant's two trial attorneys to file affidavits addressing the applicant's ineffective assistance of counsel claim. In their affidavits, the attorneys denied that they had ever advised the applicant that he would be eligible for parole.  After receiving the attorneys' affidavits, the State filed a second

---

[2]  Section 481.134 of the Texas Health and Safety Code provides for enhanced punishment if a drug offense is committed in a drug-free zone. TEX. HEALTH & SAFETY CODE § 481.134.  An inmate serving a sentence for which the punishment is increased under this section is not eligible for release on parole until his actual calendar time served, without consideration of good conduct time, equals five years or the term to which he was sentenced, whichever is less. TEX. GOV'T CODE § 508.145(e).

response arguing that relief should be denied. The convicting court recommended that relief be denied, finding that the applicant's trial lawyers never advised him that he would be eligible for parole during his sentence and concluding that, in any event, any erroneous advice about parole eligibility, assuming *arguendo* that there was any, would not have rendered the guilty plea involuntary.

We ordered that the application be filed and set for submission to address two issues: (1) whether Article 11.14 of the Code of Criminal Procedure requires an applicant to personally verify an application for writ of habeas corpus presented on his behalf, especially if he has exclusive personal knowledge regarding the allegations in the application, and (2) whether such an application requires an applicant's signature in order to comply with Rule 73.1(d) of the Rules of Appellate Procedure. We hold that the applicant need not personally verify a post-conviction writ application; by express statutory provision, a petitioner who is *not* the applicant may verify the application, and may do so "according to [his] belief[.]"[3] This is so regardless of whether the applicant has exclusive personal knowledge of the facts underlying his habeas claim or claims.[4] Nevertheless, we hold that the writ application was not properly verified by the applicant's attorney in this case. Because this deficiency arose

---

[3] TEX. CODE CRIM. PROC. art. 11.14(5) ("Oath must be made that the allegations of the petition are true, according to the belief of the petitioner.").

[4] On closer inspection of the record we observe that the applicant's allegations are not made solely on the basis of his own personal knowledge. At least two of his family members claim to have been present during the applicant's consultations with counsel during which, they claim, counsel assured the applicant that he would be eligible for parole within eighteen months.

from a problem with our prescribed writ application form, however, and through no fault of the applicant or his attorney, we will dismiss this writ application without prejudice so that the applicant can re-file the application in accordance with the instructions to follow.

## ANALYSIS

**Who May Verify a Post-Conviction Application for Writ of Habeas Corpus?**

Chapter 11 of the Texas Code of Criminal Procedure governs habeas corpus proceedings. An application for writ of habeas corpus may be brought to the proper authority for the purpose of obtaining relief by either the party for whose relief the writ is intended or any other person for him.[5] The person who presents the application may be called the petitioner, while the word "applicant" as it is used in Chapter 11 refers exclusively to the person for whose relief the writ is sought.[6] The application may be signed and presented by either the applicant or any other person on his behalf.[7] One of the requirements of a writ application is that an "[o]ath must be made that the allegations of the petition are true,

---

[5] TEX. CODE CRIM. PROC. art. 11.12 ("Either the party for whose relief the writ is intended, or any person for him, may present a petition to the proper authority for the purpose of obtaining relief.").

[6] TEX. CODE CRIM. PROC. art. 11.13 ("The word applicant, as used in this Chapter, refers to the person for whose relief the writ is asked, though the petition may be signed and presented by any other person.").

[7] *Id.*

according to the belief of the petitioner."[8]  This provision applies equally whether the petitioner is the applicant himself or some other person filing the application on his behalf, such as his attorney.

Rule 73.1(d) requires that verification of a post-conviction application for writ of habeas corpus be accomplished either by (1) an oath made before a notary public or other officer authorized to administer oaths, or (2) if the person making the application is an inmate in the Institutional Division of the Department of Criminal Justice or in a county jail, an unsworn declaration in substantially the form required in Texas Civil Practice and Remedies Code Chapter 132.[9]  If the applicant, as petitioner, opts to verify his application via the unsworn declaration, he must make the unsworn declaration in writing and declare it to be true, according to his belief, under penalty of perjury.[10]  Reading the applicable statutes and the rule together regarding verification of applications for writ of habeas corpus, we conclude that either the applicant, or a petitioner who is not necessarily also the applicant, may verify

---

[8] TEX CODE CRIM. PROC. art. 11.14(5).

[9] TEX. R. APP. P. 73.1(d).

[10] TEX. CIV. PRAC. & REM. CODE §§ 132.002 & 132.003.  The form for an unsworn inmate declaration that appears in Section 132.003 requires simply that the inmate "declare under penalty of perjury that the foregoing is true and correct."  It does not specify whether that assertion is based upon personal knowledge or belief.  In obvious deference to Article 11.14(5), however, we have modified the inmate declaration as applied to post-conviction writ applications in such a way that it still "substantially" conforms to Section 132.003, but includes the phrase "according to my belief."  In whole, the declaration as it appears in our form application reads: "I, _____, being presently incarcerated in _____, declare under penalty of perjury that, according to my belief, the facts stated in the application are true and correct."

a post-conviction application for writ of habeas corpus, and that either one may do so "according to [his] belief[.]"

Accordingly, it would have been permissible for the applicant's attorney in this case to verify his writ application by swearing that the allegations contained therein are true and correct according to his belief, regardless of whether personal knowledge of the veracity of those allegations resided exclusively with the applicant himself. Unfortunately, as we will explain, that is not what the applicant's attorney in this case did.

### Defect in the Prescribed Verification Form

The Rules of Appellate Procedure also require that an 11.07 post-conviction writ application be made in the form prescribed by this Court.[11] That form appears as Appendix F to the Rules. The verification portion of our form, in accordance with Rule 73.1(d), directs the petitioner to complete either the "Oath Before a Notary Public" or the "Inmate's Declaration" in order to verify the writ application.[12] In both of these verification sections of the form, however, the signature line calls only for the signature of the "Applicant" in order to properly verify the form. In drafting the form, we do not seem to have contemplated that a "petitioner" who is not also the inmate/applicant may verify the writ application by way of the "Oath Before a Notary Public." To be sure, there is a signature line for an attorney to sign the verification, presumably as a petitioner-not-the-applicant. But that signature line

---

[11]
 TEX. R. APP. P. 73.1(a).

[12]
 *See* Appendix to this opinion.

is located under the section designed for the "Inmate's Declaration."  Because an attorney is not an inmate, he cannot verify the writ application by signing this particular line on the verification form, as the applicant's attorney in the present case did.  Because the applicant's writ application was signed only by his attorney on this particular signature line on the verification form, we conclude that it was not properly verified.

## The Remedy

The fault lies not with the applicant, or his attorney, but with our prescribed form.  We therefore dismiss the present writ application without prejudice to re-file at a later date with a proper verification.  The inmate/applicant may sign the "Oath Before a Notary Public" (and actually do so before a notary public) to verify the writ application according to his belief.  Alternatively, he may sign the "Inmate's Declaration" attesting to the truth of the allegations *without* a notary public—again, according to his belief.  Or, finally, the applicant's attorney (or any other person, for that matter), as petitioner, may sign the "Oath Before a Notary Public" in the presence of a notary public, attesting to the truth of the allegations according to *his* belief.  But the petitioner-who-is-not-the-applicant should strike the word "Applicant" from beneath the prescribed signature line under "Oath Before a Notary Public" and interlineate the word "Petitioner" there.  Any of these three methods should serve to properly verify the writ application.

DELIVERED:  November 17, 2010
PUBLISH

**(Appendix)**

## VERIFICATION
(Complete <u>EITHER</u> the "oath before a notary public" <u>OR</u> the "inmate's declaration.")

### OATH BEFORE NOTARY PUBLIC

STATE OF TEXAS, COUNTY OF _____ _____, BEING FIRST DULY SWORN, UNDER OATH, SAYS: THAT HE/SHE IS THE APPLICANT IN THIS ACTION AND KNOWS THE CONTENT OF THE ABOVE APPLICATION AND ACCORDING TO APPLICANT'S BELIEF, THE FACTS STATED IN THE APPLICATION ARE TRUE.

_____
Signature of Applicant

SUBSCRIBED AND SWORN TO BEFORE ME THIS \_\_\_\_ DAY OF _____

_____
Signature of Notary Public

### INMATE'S DECLARATION

I, _____, BEING PRESENTLY INCARCERATED IN _____ DECLARE UNDER PENALTY OF PERJURY THAT, ACCORDING TO MY BELIEF, THE FACTS STATED IN THE APPLICATION ARE TRUE AND CORRECT.

SIGNED ON
_____

_____
Signature of Applicant

_____
Signature of Attorney

Attorney Name: _____
SBOT Number: _____
Address: _____
_____
_____
Telephone: _____