**Affirmed and Memorandum Opinion filed June 25, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-12-00739-CR

## EX PARTE SALVADOR A. RAMOS

**On Appeal from the 179th District Court
Harris County, Texas
Trial Court Cause No. 1265117-A**

## M E M O R A N D U M     O P I N I O N

This appeal is from the denial of an application for writ of habeas corpus based on *Padilla v. Kentucky,* 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).  In three issues on appeal, appellant contends the trial court erred denying relief. We affirm.

### *Habeas Corpus Review*

We generally review a trial court's decision on an application for habeas corpus under an abuse of discretion standard of review. *See Ex parte Garcia,* 353

S.W.3d 785, 787 (Tex.Crim.App. 2011). An applicant seeking post-conviction habeas corpus relief bears the burden of establishing by a preponderance of the evidence that the facts entitle him to relief. *Ex parte Richardson,* 70 S.W.3d 865, 870 (Tex.Crim.App. 2002). We consider the evidence presented in the light most favorable to the trial court's ruling. *Kniatt v.. State,* 206 S.W.3d 657, 664 (Tex.Crim.App. 2006). This deferential review applies even when the trial court's findings are implied rather than explicit and based on affidavits rather than live testimony. *Ex parte Wheeler,* 203 S.W.3d 317, 325–26 (Tex.Crim.App. 2006).

### *Ineffective Assistance Review*

Appellant based his habeas corpus application on a denial of the effective assistance of counsel, which he argued rendered his plea involuntary. To establish ineffective assistance of counsel, a criminal defendant must prove by a preponderance of the evidence that (1) his trial counsel's representation was deficient in that it fell below the standard of prevailing professional norms and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the proceeding would have been different. *See Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Salinas v. State,* 163 S.W.3d 734, 740 (Tex.Crim.App. 2005).

When a defendant claims his plea was involuntary due to ineffective assistance of counsel, the defendant must show (1) counsel's advice with respect to the plea offer did not fall within the wide range of competence demanded of attorneys in criminal cases; and (2) there is a reasonable probability that, but for counsel's deficient performance, the defendant would not have accepted the offer and pleaded guilty or nolo contendere and would have insisted on going to trial. *See Ex parte Moussazadeh,* 361 S.W.3d 684, 690-91 (Tex.Crim.App. 2012). An

applicant seeking habeas corpus relief on the basis of an involuntary plea must prove his claim by a preponderance of the evidence. *Kniatt,* 206 S.W.3d at 664.

Appellant claims that he would not have pled guilty had he been provided with accurate information about the immigration consequences. When the law is not succinct and straightforward, a defense attorney need only advise a noncitizen client that pending criminal charges may carry a risk of deportation. *Padilla,* 130 S.Ct. at 1483. If a deportation consequence is truly clear, such as when the client is subject to automatic deportation, the duty to give correct advice is equally clear, and constitutionally competent counsel must advise the client accordingly. *Id.* at 1478, 1483. The defendant must prove, by a preponderance of the evidence, that there is a reasonable probability that, but for counsel's advice, he would not have pleaded guilty and would have insisted on going to trial. *Ex parte Ali,* 368 S.W.3d 827, 835 (Tex.App.—Austin 2012, pet. ref'd). Further, the defendant must show that a decision to reject the plea bargain would have been rational under the circumstances. *Padilla,* 130 S.Ct. at 1485.

## *Analysis*

In his application[1], appellant claimed he "was never advised by his counsel of any immigration consequences associated with his plea." Appellant asserted he was deprived of effective assistance of counsel based on his attorney's failure to investigate the immigration consequences of his plea.

---

[1] For purposes of this opinion, we assume, without deciding, that the application was properly verified. *See* Tex. Code Crim. Proc. art.11.14(5) and *Ex parte Rendon*, 326 S.W.3d 221 (Tex.Crim.App. 2010)

Defense counsel filed an affidavit averring:

I had Mr. Ramos sign an admonishment statement which I have already provided to the District Attorney's Office. Mr. Ramos signed the admonishment and was also provided a verbal admonishment. I thoroughly informed him that as a result of his plea he would be facing the possibility of deportation. Mr. Ramos was concerned about going to trial because he was not pleased with the term of probation if he decided to plead guilty to the offense. In addition, he was concerned about the financial burden that trying the case would place on his family. Once I provided this information to him he asked for further clarification of how it would affect his immigration status. I told him that it would affect him in that when he went to renew his green card he would not be able to do so, or that if he ever traveled outside the country he would be prevented from reentering, or that if he was ever arrested he would be detained by immigration. He then asked if there was a waiver for this crime. I informed him that there was no waiver. . . . I clearly remember thoroughly and specifically admonishing him of the immigration consequences and that the moment the plea was accepted, the Judge further admonishing him of the same. Mr. Ramos witness one if not two of his friends/relatives be deported for the same offense they were all charged with the night they were arrested prior to the entry of his guilty plea. As such, Mr. Ramos' allegation that he was not properly admonishment and that he was aware of the consequences to the crime to which he declared himself before the Court to be guilty of is absurd.

The record contains a written admonishment signed by appellant the same day his plea was entered. The admonishment states:

Immigration Consequences to Plea of Guilty

It has been explained to me, and I fully understand that this plea of guilty . . . could result in not only the loss of my legal status in the United States but also my deportation because I am not a United States Citizen.

I fully understand the immigration consequences to pleading guilty to the offense above and choose to plead guilty willingly, knowledgeably, and voluntarily.

4

The record demonstrates appellant was advised his plea of guilty *might* result in deportation. Because appellant pled guilty to attempted robbery, a third degree felony, he was subject to automatic deportation.[2] Accordingly, defense counsels admonitions were inadequate. *See Ex parte Murillo,* 389 S.W.3d 922, 926 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (plea counsel performs deficiently if he mentions the possibility of deportation when the relevant immigration provisions are presumptively mandatory). Accordingly, we find the first prong of *Strickland* satisfied.

However, appellant has not established that he was prejudiced by counsel's deficiency. Appellant was charged with robbery by bodily injury, a first degree felony. In exchange for his plea of guilty, the charge was reduced to the third-degree felony offense of attempted robbery and adjudication was deferred. The possible range of punishment was thereby reduced from confinement for five to 99 years or life, to confinement for two to ten years, in the event appellant failed to successfully complete community supervision. Defense counsel averred that appellant was concerned about going to trial and the financial burden it would place on his family.

The record does not establish a reasonable probability that, but for counsel's deficient performance, appellant would have rejected the plea agreement and insisted on going to trial. Because appellant has not satisfied the second prong of *Strickland*, we find the trial court did not abuse its discretion in denying his

---

[2] *See* 8 U.S.C. §1227(a)(2)(A)(i) (2006) ("Any alien who--(I)is convicted of a crime involving moral turpitude committed within five years (or 10 years in the case of an alien provided lawful permanent resident status under section 1255(j) of this title) after the date of admission, and (II) is convicted of a crime for which a sentence of one year or longer may be imposed, is deportable.").

application. Appellant's issues are overruled and the order of the trial court is affirmed.[3]


/s/    William J. Boyce
       Justice


Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[3] It is unnecessary to address the State's request to reform the judgment to correct clerical errors as appellant's supplemental reply brief acknowledges the trial court has already done so.