

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,596-01

**EX PARTE ALEX HERNANDEZ, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 98-428,109-A IN THE 140TH DISTRICT COURT
## FROM LUBBOCK COUNTY

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated kidnapping and sentenced to ten years' imprisonment. He did not appeal his conviction.

While Applicant did not sign the inmate's verification contained on the 11.07 application form, he did complete a full inmate declaration verification at the end of his memorandum. The application is therefore verified and will not be dismissed as non-compliant. *Ex parte Rendon*, 326 S.W.3d 221 (Tex. Crim. App. 2010).

Applicant contends, among other things, that the judgment improperly states that this sentence is cumulated when the judge orally pronounced that the sentence was to run concurrently. Applicant also contends that his trial counsel rendered ineffective assistance by failing to inform him that he will have the duty to register as a sex offender as a result of this conviction, by coercing him to plead guilty, and by failing to object to the cumulation of this sentence.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings as to whether the oral pronouncement was for this sentence to be cumulative as stated in the judgment, or concurrent as stated on the docket sheet. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: August 26, 2015
Do not publish