

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-85,106-01

### EX PARTE BETTIE RUTH RAMIREZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10-09 IN THE 2nd 25TH DISTRICT COURT
### FROM GONZALES COUNTY

### **O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder, serious bodily injury to a child, and injury to a child, and sentenced to life in prison for the murder charge, ninety-nine years' imprisonment for the serious bodily injury to a child charge, and ten years' imprisonment for the injury to a child charge, to be served concurrently. The Thirteenth Court of Appeals affirmed her convictions. *Ramirez v. State*, No. 13-09-00073-CR (Tex. App. —Corpus Christi–Edinburg, Aug. 31, 2010) (not designated for publication).

On September 21, 2016, this application was remanded to the trial court to make findings as to whether Applicant's plea as to Count II was involuntary, whether her convictions violate double

jeopardy, and whether trial counsel's performance was deficient.

On October 12, 2016, the prior remand order was stayed and this application was remanded to the trial court for a live hearing to determine whether or not Applicant's application, specifically, the sworn inmate's declaration, was signed by Applicant. At the evidentiary hearing, Applicant testified under oath that the signatures appearing in her original writ application were not hers and she did not sign the writ application. The trial court finds that Applicant did not sign the writ application.

Though the application was appropriately filed in the trial court, the application was not properly verified by Applicant, nor did the petitioner verify the writ application by way of the oath before a notary public or complete the appropriate "Petitioner's Information". This rendered the habeas application non-compliant with the Rules of Appellate Procedure. *See Ex parte Rendon*, 326 S.W.3d 221 (Tex. Crim. App. 2010).

Therefore, we now withdraw the order issued on September 21, 2016 and dismiss the habeas application as non-compliant. Applicant is free to file another writ application that is compliant with the Rules of Appellate Procedure.

Filed: December 7, 2016
Do not publish